B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of Nevada | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**NW Valley Holdings LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FKA Kyle Acquisition Group LLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**20-0744202** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |

| Street Address of Debtor (No. and Street, City, and State):<br>**c/o VCorp Services, LLC**<br>**1645 Village Center Circle, Ste. 170**<br>**Las Vegas, NV**          ZIP Code **89134** | Street Address of Joint Debtor (No. and Street, City, and State):          ZIP Code |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**Clark** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**c/o Asgaard Capital LLC**<br>**Attn: Charles Reardon**<br>**1934 Old Gallows Rd., Ste. 350**<br>**Tysons Corner, VA**          ZIP Code **22182** | Mailing Address of Joint Debtor (if different from street address):          ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**          *** Matthew C. Zirzow 7222 ***
- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                                                           Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **NW Valley Holdings LLC** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                             Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **NW Valley Holdings LLC** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>_____<br>  Telephone Number (If not represented by attorney)<br><br>_____<br>  Date | X _____<br>  Signature of Foreign Representative<br><br>_____<br>  Printed Name of Foreign Representative<br><br>_____<br>  Date |

| **Signature of Attorney***<br><br>X _____*(signature)*_____<br>  Signature of Attorney for Debtor(s)<br><br>  **Matthew C. Zirzow 7222**<br>  Printed Name of Attorney for Debtor(s)<br><br>  **LARSON & ZIRZOW, LLC**<br>  Firm Name<br><br>  **810 S. Casino Center Blvd. #101**<br>  **Las Vegas, NV 89101**<br><br><br>  Address<br><br>                **Email: mzirzow@lzlawnv.com**<br>  **(702) 382-1170  Fax: (702) 382-1169**<br>  Telephone Number<br>  **1/10/15**<br>  Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual: |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____*(signature)*_____<br>  Signature of Authorized Individual<br><br>  **Charles C. Reardon**<br>  Printed Name of Authorized Individual<br><br>  **Sr. Managing Director, Asgaard Capital, LLC, as Manager**<br>  Title of Authorized Individual<br><br>  **1/10/15**<br>  Date | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.* |

**NW VALLEY HOLDINGS LLC,**
**a Nevada limited liability company,**
**f/k/a Kyle Acquisition Group**

**ACTION BY WRITTEN CONSENT OF THE**
**MANAGER AND SOLE VOTING MEMBER**

**January 9, 2015**

The undersigned, being the duly appointed and authorized sole manager (the "Manager") of NW Valley Holdings LLC, a Nevada limited liability company, f/k/a Kyle Acquisition Group (the "Company"), acting on the advice and consent of the other undersigned, being the sole voting member of the Company, hereby jointly approve and adopt the following resolutions effective as of January 9, 2015:

BE IT RESOLVED, that the Company, having considered all relevant matters, in its judgment it is desirable and in the best interests of the Company and its creditors and other interested parties that a voluntary petition for relief be filed under the provisions of chapter 11 of title 11 of the United States Code;

BE IT FURTHER RESOLVED, that the Manager of the Company (the "Authorized Person") shall be authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify a petition and amendments thereto under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Nevada at such time as such Authorized Person executing the same shall determine;

BE IT FURTHER RESOLVED that Charles C. Reardon (the "Responsible Person") shall be designated as the responsible person in the Company's chapter 11 bankruptcy case, and is authorized and directed to appear in all bankruptcy proceedings on behalf of the Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy case;

BE IT FURTHER RESOLVED that the law firm of Larson & Zirzow, LLC is engaged and shall continue its engagement as attorneys for the Company in the chapter 11 case as general reorganization counsel, subject to any requisite bankruptcy court approval;

BE IT FURTHER RESOLVED that Asgaard Capital, LLC is engaged and shall continue its engagement as the Manager and wind-down agent for the Company in the chapter 11 case, subject to any requisite bankruptcy court approval;

BE IT FURTHER RESOLVED that the Responsible Person, and such other persons as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such person, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all motions, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case;

1

BE IT FURTHER RESOLVED that the Responsible Person, and such other persons as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such Authorized Persons of Responsible Person, be, and each hereby are, authorized, empowered and directed, in the name and on behalf of the company, to cause the Company to enter into, execute deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, declarations, applications, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful chapter 11 reorganization of the business of the Company;

BE IT FURTHER RESOLVED that any and all past actions heretofore taken by the Authorized Person or the Responsible Person of the Company in the name and on behalf of the company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved; and

BE IT FURTHER RESOLVED that this Written Consent may be delivered in counterpart, and by facsimile or electronic transmission, which will be an original and the foregoing shall be deemed to be adopted and in full force and effect, as of the date first above written.

IN WITNESS WHEREOF, the undersigned, constituting the Manager and the sole voting member of the Company, respectively, by execution hereof, hereby approve this Written Consent as of the date first above written.

MANAGER:                                      SOLE VOTING MEMBER:

NW VALLEY HOLDINGS LLC,              KYLE ENTITY HOLDINGS LLC,
a Nevada limited liability company,           a Delaware limited liability company

    By:  ASGAARD CAPITAL LLC
    a Virginia limited liability company,         By: _____
    Its:  Manager                                Paul Malek,
                                                 Authorized Signatory

    By: _____
        Charles Reardon,
        Senior Managing Director

2

BE IT FURTHER RESOLVED that the Responsible Person, and such other persons as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such Authorized Persons of Responsible Person, be, and each hereby are, authorized, empowered and directed, in the name and on behalf of the company, to cause the Company to enter into, execute deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, declarations, applications, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful chapter 11 reorganization of the business of the Company;

BE IT FURTHER RESOLVED that any and all past actions heretofore taken by the Authorized Person or the Responsible Person of the Company in the name and on behalf of the company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved; and

BE IT FURTHER RESOLVED that this Written Consent may be delivered in counterpart, and by facsimile or electronic transmission, which will be an original and the foregoing shall be deemed to be adopted and in full force and effect, as of the date first above written.

IN WITNESS WHEREOF, the undersigned, constituting the Manager and the sole voting member of the Company, respectively, by execution hereof, hereby approve this Written Consent as of the date first above written.

MANAGER:                                    SOLE VOTING MEMBER:

NW VALLEY HOLDINGS LLC,                      KYLE ENTITY HOLDINGS LLC,
a Nevada limited liability company,          a Delaware limited liability company

   By: ASGAARD CAPITAL LLC               By: _____
   a Virginia limited liability company,  Authorized Signatory
   Its: Manager


     By: _____
       Charles Reardon,
       Senior Managing Director

2

KYLE ENTITY HOLDINGS LLC
(the "Company")

Limited Power of Attorney

January 9, 2015

WHEREAS Greg Garman of Gordon Silver is the attorney for the Company

NOW THEREFORE, the Company hereby grants Greg Garman Limited Power of Attorney to execute the following documents on behalf of the Company:

ACTION BY WRITTEN CONSENT OF THE MANAGER AND SOLE VOTING MEMBER OF NW VALLEY HOLDINGS LLC DATED JANUARY 9, 2015 AUTHORIZING THE CHAPTER 11 FILING OF NW VALLEY HOLDINGS LLC

RESOLVED AND CONSENTED TO AS OF JANUARY 9, 2015

Kyle Entity Holdings LLC

By:_____
Michael Stern
Authorized Signatory

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## District of Nevada

In re __NW Valley Holdings LLC_____    Case No. _____
                                         Debtor(s)                 Chapter    __11__

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| ACA CLO 2006-2 Kyle, Inc.<br>c/o Apidos Capital Management<br>Attn: Managing Member<br>712 5th Avenue<br>New York, NY 10019 | ACA CLO 2006-2 Kyle, Inc.<br>c/o Kyle Agent LLC as Admin Agent<br>c/o Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE 19808 | Deficiency on bank loan | Contingent<br>Unliquidated<br>Disputed | 918,631.52 |
| Alzette European TB II<br>Attn: Managing Member<br>Boulevard Du Prince henri 33<br>Luxembourg, LU 1724 | Alzette European TB II<br>c/o Kyle Agent LLC as Admin Agent<br>c/o Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE 19808 | Deficiency on bank loan | Contingent<br>Unliquidated<br>Disputed | 402,927.40 |
| Bank of America<br>Attn: Managing Member<br>401 North Tyron Street<br>NC1-021-02-20<br>Charlotte, NC 28255 | Bank of America<br>c/o Kyle Agent LLC as Admin Agent<br>c/o Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE 19808 | Deficiency on bank loan | Contingent<br>Unliquidated<br>Disputed | 918,631.52 |
| Chase Lincoln First Commercial Corp.<br>Attn: Managing Member<br>67 Wall Street<br>New York, NY 10005-3101 | Chase Lincoln First Commercial Corp.<br>c/o Kyle Agent LLC as Admin Agent<br>c/o Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE 19808 | Deficiency on bank loan | Contingent<br>Unliquidated<br>Disputed | 1,377,947.29 |
| Credit Suisse Loan Funding LLC<br>c/o Credit Suisse AG<br>Attn: Managing Member<br>11 Madison Avenue, 5th Flr.<br>New York, NY 10010 | Credit Suisse Loan Funding LLC<br>c/o Kyle Agent LLC as Admin Agent<br>c/o Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE 19808 | Deficiency on bank loan | Contingent<br>Unliquidated<br>Disputed | 33,486,250.31 |
| Hewett's Island CLO IV LTD<br>c/o Commercial Industrial Finance<br>Queensgate House, South Church Street<br>Georgetown, CJ | Hewett's Island CLO IV LTD<br>c/o Kyle Agent LLC as Admin Agent<br>c/o Corporation Service Company<br>2711 Centerville Rd., Ste. 400<br>Wilmington, DE 19808 | Deficiency on bank loan | Contingent<br>Unliquidated<br>Disputed | 3,709,963.23 |

B4 (Official Form 4) (12/07) - Cont.

In re   __NW Valley Holdings LLC__                          Case No.    _____

                        Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Kyle Partners LLC c/o Kyle Agent LLC as Admin Agent c/o Corporation Service Company 2711 Centerville Rd., Ste. 400 Wilmington, DE 19808** | **Kyle Partners LLC c/o Kyle Agent LLC as Admin Agent c/o Corporation Service Company 2711 Centerville Rd., St. 400 Wilmington, DE 19808** | **Deficiency on bank loan** | **Contingent Unliquidated Disputed** | **358,666,453.39** |
| **Petrusse European TB I Attn: Managing Member Boulevard Du Prince Henri 33 Luxembourg, LU  1724** | **Petrusse European TB I c/o Kyle Agent LLC as Admin Agent c/o Corporation Service Company 2711 Centerville Rd., Ste. 400 Wilmington, DE 19808** | **Deficiency on bank loan** | **Contingent Unliquidated Disputed** | **402,927.40** |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B4 (Official Form 4) (12/07) - Cont.

In re   **NW Valley Holdings LLC**
_____
                        Debtor(s)

Case No.   _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Sr. Managing Director, Asgaard Capital, LLC, as Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date _____ 1/10/15 _____

Signature _____

Charles C. Reardon
**Sr. Managing Director, Asgaard Capital, LLC, as Manager**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
### District of Nevada

In re    **NW Valley Holdings LLC**                           ,     Case No. _____

                                  Debtor            Chapter _____ **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 814,844.35 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 428,276,777.86 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 11 | | | |
| Total Assets | | | 814,844.35 | | |
| Total Liabilities | | | | 428,276,777.86 | |

B6A (Official Form 6A) (12/07)

In re   **NW Valley Holdings LLC**                  Case No. _____

_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Parcel 20C, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada | Fee Simple | - | Unknown | 0.00 |
| Parcel 20D, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada | Fee Simple | - | Unknown | 0.00 |
| Parcel 20F, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada | Fee Simple | - | Unknown | 0.00 |
| Parcel 20G, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada | Fee Simple | - | Unknown | 0.00 |
| Parcel 20H, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada | Joint tenant with GT 2000, Inc. | - | Unknown | 0.00 |
| Parcel 20I, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada | Joint tenant with GT 2000, Inc. | - | Unknown | 0.00 |

|  | Sub-Total > | 0.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 0.00 |  |

___0___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **NW Valley Holdings LLC**                                              , Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | US Bank Checking account no. xxxxxxxx3547 | - | 0.00 |
| | | | US Bank Money Market Savings account no. xxxxxxxx0599 (balance of 11/30/2014) | - | 559,222.22 |
| | | | US Bank Checking account no. xxxxxxxx9452 (balance as of 11/30/2014) | - | 251,884.41 |
| | | | US Bank Checking account no. xxxxxxxx9627 (balance as of 11/10/2014) | - | 3,737.72 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          814,844.35
(Total of this page)

  __2__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **NW Valley Holdings LLC**                                              Case No. _____

_____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Proof of Claim Nos. 1508 and 2298 against Kimball Hill Homes Nevada, Inc. filed in In re Kimball Hill, Inc., et al., Case No. 08-10095 (Bankr. N.D. Ill.)** | - | **Unknown** |

                                                                          Sub-Total >                0.00
                                                                      (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **NW Valley Holdings LLC**                                    Case No. _____
_____,
                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Proof of Claim Nos. 1504 and 2299 against Kimball Hill, Inc. filed in In re Kimball Hill, Inc., et al., Case No. 08-10095 (Bankr. N.D. Ill.)** | - | **Unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 814,844.35 |

Sheet  __2__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re   **NW Valley Holdings LLC**                                                      Case No. _____
                                                 Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

**0** continuation sheets attached

| | Subtotal (Total of this page) | | |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 | 0.00 |

B6E (Official Form 6E) (4/13)

In re  **NW Valley Holdings LLC**                                                     ,        Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0** _____  continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **NW Valley Holdings LLC**                                          Case No. _____
                                                                                            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. Creditor #: 1 ACA CLO 2006-2 Kyle, Inc. c/o Apidos Capital Management Attn: Managing Member 712 5th Avenue New York, NY 10019 | - | | | | July 20, 2005 Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs) | X | X | X | 918,631.52 |
| Account No. Creditor #: 2 Alzette European TB II Attn: Managing Member Boulevard Du Prince henri 33 Luxembourg, LU 1724 | - | | | | July 20, 2005 Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs) | X | X | X | 402,927.40 |
| Account No. Creditor #: 3 Bank of America Attn: Managing Member 401 North Tryon Street NC1-021-02-20 Charlotte, NC 28255 | - | | | | July 20, 2005 Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs) | X | X | X | 918,631.52 |
| Account No. Creditor #: 4 Chase Lincoln First Commercial Corp. Attn: Managing Member 67 Wall Street New York, NY 10005-3101 | - | | | | July 20, 2005 Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs) | X | X | X | 1,377,947.29 |
| **2** continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 3,618,137.73 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **NW Valley Holdings LLC**                  Case No. _____

                                            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | July 20, 2005 | | | | |
| Creditor #: 5<br>**Credit Suisse Loan Funding LLC**<br>**c/o Credit Suisse AG**<br>**Attn: Managing Member**<br>**11 Madison Avenue, 5th Flr.**<br>**New York, NY 10010** | | - | | | **Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs)** | X | X | X | 33,486,250.31 |
| Account No. | | | | | July 20, 2005 | | | | |
| Creditor #: 6<br>**Hewett's Island CLO IV LTD**<br>**c/o Commercial Industrial Finance**<br>**Queensgate House, South Church Street**<br>**Georgetown, CJ** | | - | | | **Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs)** | X | X | X | 3,709,963.23 |
| Account No. | | | | | July 20, 2005 | | | | |
| Creditor #: 7<br>**Kyle Agent LLC**<br>**as Administrative Agent**<br>**c/o Corporation Service Company**<br>**2711 Centerville Rd., Ste. 400**<br>**Wilmington, DE 19808** | X | - | | | **Notice only (administrative agent for all other lenders)** | X | X | X | 0.00 |
| Account No. | | | | | July 20, 2005 | | | | |
| Creditor #: 8<br>**Kyle Entity Holdings LLC**<br>**c/o Greg Garman, Esq.**<br>**Gordon Silver**<br>**3960 Howard Hughes Parkway, 9th Flr.**<br>**Las Vegas, NV 89169** | | - | | | **Indemnity and contribution claims (of former members in debtor)** | | | | 28,393,045.80 |
| Account No. | | | | | July 20, 2005 | | | | |
| Creditor #: 9<br>**Kyle Partners LLC**<br>**c/o Kyle Agent LLC as Admin Agent**<br>**c/o Corporation Service Company**<br>**2711 Centerville Rd., Ste. 400**<br>**Wilmington, DE 19808** | | - | | | **Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs)** | X | X | X | 358,666,453.39 |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                            Subtotal         424,255,712.73
                                       (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **NW Valley Holdings LLC**                                              Case No. _____
_____,
                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No.   10 | | | | | July 20, 2005 | | | | |
| Creditor #: 10 Petrusse European TB I Attn: Managing Member Boulevard Du Prince Henri 33 Luxembourg, LU  1724 | - | | | | Deficiency on bank loan per Credit Agreement and related documents originally with Wachovia Bank, N.A. as administrative agent (principal balance only, exclusive of interest, fees and costs) | X | X | X | 402,927.40 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| | Subtotal (Total of this page) | 402,927.40 |
| | Total (Report on Summary of Schedules) | 428,276,777.86 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re    **NW Valley Holdings LLC**                                                    Case No. _____
                                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re    **NW Valley Holdings LLC**
_____,    Case No. _____
                          Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **KHI Liquidation Trust**<br>**c/o Shaw Fishman Glantz & Towbin, LLC**<br>**Attn:  Gordon E. Gouveia**<br>**321 North Clark St.**<br>**Chicago, IL 60610**<br>    **As successor to Kimball Hill, Inc. and Kimball**<br>**Hill Homes Nevada, Inc. as guarantors per a**<br>**Completion Guaranty dated July 20, 2005** | **Kyle Agent LLC**<br>**as Administrative Agent**<br>**c/o Corporation Service Company**<br>**2711 Centerville Rd., Suite 400**<br>**Wilmington, DE 19808**<br>    **As successor administrative agent under Credit**<br>**Agreement dated July 20, 2005 originally with**<br>**Wachovia Bank, N.A. as administrative agent** |
| **KHI Post-Consummation Trust**<br>**c/o Shaw Fishman Glantz & Towbin, LLC**<br>**Attn:  Gordon E. Gouveia**<br>**321 North Clark Street**<br>**Chicago, IL 60610**<br>    **As successor to Kimball Hill, Inc. and Kimball**<br>**Hill Homes Nevada, Inc. as guarantors per a**<br>**Completion Guaranty dated July 20, 2005** | **Kyle Agent LLC**<br>**as Administrative Agent**<br>**c/o Corporation Service Company**<br>**2711 Centerville Rd., Ste. 400**<br>**Wilmington, DE 19808**<br>    **As successor administrative agent under Credit**<br>**Agreement dated July 20, 2005 originally with**<br>**Wachovia Bank, N.A. as administrative agent** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Nevada

In re  **NW Valley Holdings LLC**
_____
                                                    Debtor(s)

Case No. _____
Chapter  **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Sr. Managing Director, Asgaard Capital, LLC, as Manager of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**13**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  ___1│10│15___

Signature  _____
Charles C. Reardon
**Sr. Managing Director, Asgaard Capital, LLC, as Manager**

_Penalty for making a false statement or concealing property:_  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Nevada

In re __NW Valley Holdings LLC__                         Case No. _____

                                Debtor(s)          Chapter    __11__

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $-1,051.47 | **2014 Income** |
| $-1,075.00 | **2013 Income** |
| $-1,561.00 | **2012 Income** |

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $773.53 | **2014 - Interest Income (through September 30, 2014)** |

B7 (Official Form 7) (04/13)
2

| AMOUNT | SOURCE |
|---|---|
| $1,109.00 | 2013 - Interest Income |
| $1,432.00 | 2012 - Interest Income |

---

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

    a.    *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

    b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Kyle Entity Holdings LLC** <br> **c/o Greg Garman, Esq.** <br> **Gordon Silver** <br> **3960 Howard Hughes Pkwy., 9th Flr.** <br> **Las Vegas, NV 89169** | **December 31, 2014:** <br> **$2,026,915.90 (wire)** <br> **January 5, 2015: $38.30** <br> **(certified check)** | **$2,026,954.20** | **$28,393,045.80** |

None ☐

    c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Kyle Entity Holdings LLC** <br> **c/o Greg Garman, Esq.** <br> **Gordon Silver** <br> **3960 Howard Hughes Parkway, 9th Flr.** <br> **Las Vegas, NV 89169** <br>    **Creditor and Member** | **December 31, 2014:** <br> **$2,026,915.90 (wire)** <br> **January 5, 2015: $38.30** <br> **(certified check)** | **$2,026,954.20** | **$28,393,045.80** |

---

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Las Vegas Valley Water District v. Kyle Acquisition Group, LLC et al; Case No. A588184** | Interpleader | **Eighth Judicial District Court, Clark County, Nevada** | Pending, but resolved per Stipulation and Order entered on 12/24/14 |
| **Wachovia Bank, N.A. v. Focus Kyle Group, LLC, et al.; Case No. 08-cv-8681** | Breach of Contract | **United States District Court for the Southern District of New York** | Voluntarily Dismissed on 5/19/2014 per Settlement Agreement |
| **Kyle Agent, LLC et al. v. Kyle Acquisition Group, LLC: Appeal No. 58851** | Appeal | **Nevada Supreme Court** | Affirmed 12/28/13 and Remittitur Issued 1/24/2014 |

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None
■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None
■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

B7 (Official Form 7) (04/13)
4

#### 7. Gifts

**None**
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

#### 8. Losses

**None**
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

#### 9. Payments related to debt counseling or bankruptcy

**None**
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **LARSON & ZIRZOW, LLC**<br>**810 S. Casino Center Blvd. #101**<br>**Las Vegas, NV 89101** | **12/23/14** | **Larson & Zirzow, LLC received the sum of $65,000 pre-petition, has been paid $15,000 prepetition (including filing fee), and retains the balance of $50,000 in its trust account for fees and costs incurred post-petition.** |
| **ASGAARD CAPITAL, LLC**<br>**Attn: Charles Reardon**<br>**1934 Old Gallows Road., Ste. 350**<br>**Vienna, VA 22182** | **12/31/14** | **Asgaard Capital, LLC received the sum of $25,000 pre-petition, has been paid $24,112 prepetition, and retains the balance of $888 for fees and costs incurred post-petition.** |

#### 10. Other transfers

**None**
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

**None**
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
5

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **City National Bank**<br>**555 S. Flower St., 18th Flr.**<br>**Los Angeles, CA 90071** | **Blocked Account, xxxxx0456 $0.00** | **$0.00; January 5, 2015** |

## 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **3455 Cliff Shadows Pkwy., Ste. 220**<br>**Las Vegas, NV 89129** | **Kyle Acquisition Group, LLC**<br>**c/o Holdings Manager, LLC** | **2/2004-11/2014** |

## 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

B7 (Official Form 7) (04/13)
6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

B7 (Official Form 7) (04/13)
7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Holdings Manager, LLC**<br>**c/o Focus Property Group**<br>**3455 Cliff Shadows Pkwy., Ste. 220**<br>**Las Vegas, NV 89129** | **2005-November 2014** |
| **Piercy Bowler Taylor & Kern**<br>**Attn:  Mike Kern, CPA**<br>**6100 Elton Ave., Ste. 1000**<br>**Las Vegas, NV 89107** | **2011-2013** |

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Asgaard Capital LLC** | **1934 Old Gallows Road, Ste. 350**<br>**Tyson Corner, VA 22182** |
| **Kyle Entity Holdings LLC** | **c/o Greg Garman, Esq.**<br>**Gordon Silver**<br>**3960 Howard Hughes Parkway, 9th Flr.**<br>**Las Vegas, NV 89169** |
| **Bogatz Law Group** | **Attn:  Scott Bogatz, Esq.**<br>**3883 Howard Highes Pkwy, Suite 790**<br>**Las Vegas, NV 89169** |
| **Holdings Manager, LLC** | **Attn:  John Ritter**<br>**3455 Cliff Shadows Pkwy., Ste. 220**<br>**Las Vegas, NV 89129** |

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

B7 (Official Form 7) (04/13)
8

None    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.
■

DATE OF INVENTORY

NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
☐     controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Kyle Entity Holdings LLC**<br>**c/o Wilmington Trust, N.A.**<br>**Attn: Meaghan McCauley**<br>**50 South Sixth Street, Ste. 1290**<br>**Minneapolis, MN 55402** | **Member** | **90.41% membership interest** |
| **Kimball Hill Homes Nevada, Inc.**<br>**KHI Post-Conf. Trust and KHI Liq Trust**<br>**c/o Shaw Fishman Glantz & Towbin, LLC**<br>**321 North Clark Street**<br>**Chicago, IL 60610** | **Member** | **9.59% membership interest (defaulted)** |
| **Asgaard Capital LLC**<br>**Attn: Charles C. Reardon**<br>**1934 Old Gallows Road, Ste. 350**<br>**Tysons Corner, VA 22182** | **Manager** | **None** |

---

**22 . Former partners, officers, directors and shareholders**

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■     commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
☐     immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Holdings Manager, LLC**<br>**c/o Focus Property Group**<br>**3455 Cliff Shadows Pkwy., Ste. 220**<br>**Las Vegas, NV 89129** | **General Manager** | **Resigned 11/11/2014** |
| **John Ritter**<br>**3455 Cliff Shadows Pkwy., Suite 220**<br>**Las Vegas, NV 89129** | **Manager of General Manager** | **Resigned 11/11/2014** |

B7 (Official Form 7) (04/13)
9

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☒  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☒  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ☒  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____1/10/15_____            Signature _____*Charles C. Reardon*_____

Charles C. Reardon
Sr. Managing Director, Asgaard Capital, LLC, as
Manager

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## District of Nevada

In re   **NW Valley Holdings LLC**

Debtor(s)

Case No.

Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 0.00 ✱ |
| Prior to the filing of this statement I have received | $ | $15,000.00 |
| Balance Due | $ | 0.00 |

2.    The source of the compensation paid to me was:

■ Debtor        □ Other (specify):

3.    The source of compensation to be paid to me is:

■ Debtor        □ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

□ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.    [Other provisions as needed]

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **1/10/15**

Matthew C. Zirzow 7222
LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, NV 89101
(702) 382-1170  Fax: (702) 382-1169
mzirzow@lzlawnv.com

---

✱ Counsel's engagement is hourly. Prior to the Petition Date counsel received the sum of $65,000.⁰⁰ and applied and was paid the sum of $15,000.⁰⁰ for all pre-petition work and the filing fee, thus leaving a balance of $50,000.⁰⁰ for post-petition work as of the Petition Date.

# United States Bankruptcy Court
### District of Nevada

In re    **NW Valley Holdings LLC** _____

                                    Debtor

Case No. _____

Chapter _____ **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Kimball Hill Homes Nevada, Inc.<br>KHI Post-Consummation Trust and KHI LT<br>c/o Shaw Fishman Glantz & Towbin, LLC<br>321 North Clark Street<br>Chicago, IL 60610 | Member | 9.59% | Membership (Defaulted) |
| Kyle Entity Holdings LLC<br>c/o Greg Garman, Esq.<br>Gordon Silver<br>3960 Howard Hughes Pkwy., 9th Flr.<br>Las Vegas, NV 89169 | Member | 90.41% | Membership |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

     I, the Sr. Managing Director, Asgaard Capital, LLC, as Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   1/10/15 _____

Signature _Charles C. Reardon_ _____
                             Charles C. Reardon
                             Sr. Managing Director, Asgaard Capital, LLC, as Manager

_Penalty for making a false statement or concealing property_: Fine of up to $500,000 or imprisonment for up to 5 years or both.
                            18 U.S.C §§ 152 and 3571.

**0**    continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## District of Nevada

In re   <u>NW Valley Holdings LLC</u>

                                     Debtor(s)

Case No.

Chapter    <u>11</u>

## VERIFICATION OF CREDITOR MATRIX

I, the Sr. Managing Director, Asgaard Capital, LLC, as Manager of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   <u>1/10/15</u>

                                  _Charles C. Reardon/Sr. Managing Director, Asgaard Capital, LLC,_
                                  **as Manager**
                                  Signer/Title

```
NW VALLEY HOLDINGS LLC
C/O ASGAARD CAPITAL LLC
ATTN: CHARLES REARDON
1934 OLD GALLOWS RD., STE. 350
TYSONS CORNER, VA 22182

MATTHEW C. ZIRZOW
LARSON & ZIRZOW, LLC
810 S. CASINO CENTER BLVD. #101
LAS VEGAS, NV 89101

UNITED STATES TRUSTEE
300 LAS VEGAS BLVD., SOUTH #4300
LAS VEGAS, NV 89101

DEPT. OF EMPLOYMENT, TRAINING & REHAB
EMPLOYMENT SECURITY DIVISION
500 EAST THIRD STREET
CARSON CITY, NV 89713

INTERNAL REVENUE SERVICE
ATTN: BANKRUPTCY DEPT/MANAGING AGENT
P.O. BOX 7346
PHILADELPHIA, PA 19101

NEVADA DEPT. OF TAXATION
BANKRUPTCY SECTION
555 E. WASHINGTON AVENUE #1300
LAS VEGAS, NV 89101

CLARK COUNTY ASSESSOR
C/O BANKRUPTCY CLERK
500 S. GRAND CENTRAL PKWY
BOX 551401
LAS VEGAS, NV 89155

CLARK COUNTY TREASURER
C/O BANKRUPTCY CLERK
500 S. GRAND CENTRAL PKWY
P.O. BOX 551220
LAS VEGAS, NV 89155

ACA CLO 2006-2 KYLE, INC.
C/O APIDOS CAPITAL MANAGEMENT
ATTN: MANAGING MEMBER
712 5TH AVENUE
NEW YORK, NY 10019

ALZETTE EUROPEAN TB II
ATTN: MANAGING MEMBER
BOULEVARD DU PRINCE HENRI 33
LUXEMBOURG, LU 1724
```

BANK OF AMERICA
ATTN: MANAGING MEMBER
401 NORTH TYRON STREET
NC1-021-02-20
CHARLOTTE, NC 28255

CHASE LINCOLN FIRST COMMERCIAL CORP.
ATTN: MANAGING MEMBER
67 WALL STREET
NEW YORK, NY 10005-3101

CREDIT SUISSE LOAN FUNDING LLC
C/O CREDIT SUISSE AG
ATTN: MANAGING MEMBER
11 MADISON AVENUE, 5TH FLR.
NEW YORK, NY 10010

HEWETT'S ISLAND CLO IV LTD
C/O COMMERCIAL INDUSTRIAL FINANCE
QUEENSGATE HOUSE, SOUTH CHURCH STREET
GEORGETOWN, CJ

KHI LIQUIDATION TRUST
C/O SHAW FISHMAN GLANTZ & TOWBIN, LLC
ATTN: GORDON E. GOUVEIA
321 NORTH CLARK ST.
CHICAGO, IL 60610

KHI POST-CONSUMMATION TRUST
C/O SHAW FISHMAN GLANTZ & TOWBIN, LLC
ATTN: GORDON E. GOUVEIA
321 NORTH CLARK STREET
CHICAGO, IL 60610

KYLE AGENT LLC
AS ADMINISTRATIVE AGENT
C/O CORPORATION SERVICE COMPANY
2711 CENTERVILLE RD., STE. 400
WILMINGTON, DE 19808

KYLE ENTITY HOLDINGS LLC
C/O GREG GARMAN, ESQ.
GORDON SILVER
3960 HOWARD HUGHES PARKWAY, 9TH FLR.
LAS VEGAS, NV 89169

KYLE PARTNERS LLC
C/O KYLE AGENT LLC AS ADMIN AGENT
C/O CORPORATION SERVICE COMPANY
2711 CENTERVILLE RD., STE. 400
WILMINGTON, DE 19808

PETRUSSE EUROPEAN TB I
ATTN: MANAGING MEMBER
BOULEVARD DU PRINCE HENRI 33
LUXEMBOURG, LU  1724

# United States Bankruptcy Court
## District of Nevada

In re    **NW Valley Holdings LLC**
_____
Debtor(s)

Case No. _____
Chapter    **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **NW Valley Holdings LLC**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Kyle Entity Holdings LLC
c/o Greg Garman, Esq.
Gordon Silver
3960 Howard Hughes Pkwy., 9th Flr.
Las Vegas, NV 89169**

☐ None [*Check if applicable*]

Date    **1/10/15**
_____

_____
**Matthew C. Zirzow 7222**
Signature of Attorney or Litigant
Counsel for    **NW Valley Holdings LLC**
**LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, NV 89101
(702) 382-1170 Fax:(702) 382-1169
mzirzow@lzlawnv.com**

Name, Address, Telephone No. & I.D. No.
**Matthew C. Zirzow 7222**
**810 S. Casino Center Blvd. #101**
**Las Vegas, NV 89101**
**(702) 382-1170**
**7222**

## UNITED STATES BANKRUPTCY COURT
### District of Nevada

In Re
**NW Valley Holdings LLC**

Debtor(s)

BANKRUPTCY NO.
CHAPTER NO. **11**

## DECLARATION RE: ELECTRONIC FILING OF PETITION
### SCHEDULES, STATEMENTS AND PLAN (if applicable)

### PART I - DECLARATION OF PETITIONER

I [We] __Charles C. Reardon__ and _____, the undersigned debtor(s) hereby declare under penalty of perjury that the information I have given my attorney and the information provided in the electronically filed petition, statements, schedules, amendments and plan (if applicable) as indicated above is true and correct. I consent to my attorney filing my petition, this declaration, statements, schedules and plan (if applicable) as indicated above to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

☐      If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7 or 13. I am aware that I may proceed under chapter 7, 11, 12, or 13 of 11 United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 or 13. I request relief in accordance with the chapter specified in this petition.

■      [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

Dated: 1/10/15

Signed: *Charles C Reardon*

Charles C. Reardon/Sr. Managing Director,
**Asgaard Capital, LLC, as Manager**
(Applicant)

### PART II - DECLARATION OF ATTORNEY

I, the attorney for the petitioner named in the foregoing petition, declare that, I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Dated: 1/10/15

Signed: *[signature]*

Matthew C. Zirzow 7222
Attorney for Debtor(s)