LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>NW VALLEY HOLDINGS LLC,<br><br>Debtor. | Case No.: BK-S-15-10116-abl<br>Chapter 11<br><br><u>Confirmation Hearing:</u><br>Date: May 21, 2015<br>Time: 9:30 a.m. |
|---|---|

**<u>DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION</u>**

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

# TABLE OF CONTENTS

**Page**

1.    DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF
      TIME.................................................................................................................1

      1.1. Definitions. ...............................................................................................1

            1.1.1. Administrative Claim.......................................................................1
            1.1.2. Administrative Claim Bar Date. .......................................................1
            1.1.3. Allowed...........................................................................................1
            1.1.4. Assets. ............................................................................................2
            1.1.5. Available Cash. ...............................................................................2
            1.1.6. Avoidance Actions. .........................................................................2
            1.1.7. Bankruptcy Code. ...........................................................................2
            1.1.8. Bankruptcy Court.............................................................................2
            1.1.9. Bankruptcy Rules. ...........................................................................2
            1.1.10. Bar Date .......................................................................................2
            1.1.11. Business Day.................................................................................3
            1.1.12. Cash..............................................................................................3
            1.1.13. Causes of Action. .........................................................................3
            1.1.14. Chapter 11 Case. ..........................................................................3
            1.1.15. Claim. ...........................................................................................3
            1.1.16. Claim Objection Deadline. ...........................................................3
            1.1.17. Claims Register..............................................................................3
            1.1.18. Class. ............................................................................................3
            1.1.19. Confirmation. ................................................................................3
            1.1.20. Confirmation Date. .......................................................................3
            1.1.21. Confirmation Hearing. ..................................................................3
            1.1.22. Confirmation Order. ......................................................................3
            1.1.23. Creditor. .......................................................................................4
            1.1.24. Debtor. ..........................................................................................4
            1.1.25. Disallowed Claim. .........................................................................4
            1.1.26. Disclosure Statement. ...................................................................4
            1.1.27. Disputed. .......................................................................................4
            1.1.28. Distribution. ..................................................................................4
            1.1.29. Distribution Record Date. ..............................................................4
            1.1.30. Effective Date. ...............................................................................4
            1.1.31. Equity Interest. ..............................................................................4
            1.1.32. Estate. ...........................................................................................4
            1.1.33. Executory Contract. .......................................................................4
            1.1.34. Federal Judgment Rate. .................................................................5
            1.1.35. File. ...............................................................................................5
            1.1.36. Final Decree. .................................................................................5
            1.1.37. Final Order. ...................................................................................5
            1.1.38. General Unsecured Claim. .............................................................5
            1.1.39. Holder. ..........................................................................................5
            1.1.40. Impaired. .......................................................................................5
            1.1.41. Insider. ..........................................................................................5
            1.1.42. KEH. ..............................................................................................5
            1.1.43. Lien. ..............................................................................................5
            1.1.44. Litigation Claims. ..........................................................................5
            1.1.45. Manager. ........................................................................................6
            1.1.46. Permitted Encumbrances. ..............................................................6

i

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1.1.47. Person. ................................................................6
1.1.48. Petition Date. .......................................................6
1.1.49. Plan. ...................................................................6
1.1.50. Priority Non-Tax Claim. ..........................................6
1.1.51. Priority Tax Claims. ...............................................6
1.1.52. Professional. .........................................................6
1.1.53. Professional Fees. ..................................................6
1.1.54. Professional Fee Claim. ...........................................6
1.1.55. Proof of Claim. ......................................................7
1.1.56. Pro Rata. ..............................................................7
1.1.57. Record Date. .........................................................7
1.1.58. Reorganized Debtor. ................................................7
1.1.59. Representatives. .....................................................7
1.1.60. Schedules. .............................................................7
1.1.61. Secured. ...............................................................7
1.1.62. Unexpired Lease. ....................................................7
1.1.63. Unimpaired. ...........................................................7
1.1.64. Unsecured Claim. ...................................................7
1.1.65. U.S. Trustee Fees. ..................................................8

1.2. Computation of Time. ..................................................8
1.3. Rules of Interpretation. ...............................................8
1.4. Exhibits and Plan Schedules. .........................................8

2. TREATMENT OF UNCLASSIFIED CLAIMS ..............................8

2.1. General. ...................................................................8
2.2. Treatment of Administrative Claims. ................................8

2.2.1. Generally. ..............................................................8
2.2.2. Requests for Payment. ..............................................9

2.3. Priority Tax Claims. ....................................................9

3. DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS .....9

3.1. Overview. ..................................................................9
3.2. Summary of Classification. ............................................9
3.3. Class 1:  Secured Claims. ..............................................10

3.3.1. Claims in Class. ......................................................10
3.3.2. Treatment. .............................................................10
3.3.3. Impairment and Voting. ............................................10

3.4. Class 2:  Priority Non-Tax Claims. ...................................10

3.4.1. Claims in Class. ......................................................10
3.4.2. Treatment. .............................................................10
3.4.3. Interest. ................................................................10
3.4.4. Impairment and Voting. ............................................10

3.5. Class 3: General Unsecured Claims. .................................11

3.5.1. Claims in Class. ......................................................11
3.5.2. Treatment. .............................................................11
3.5.3. Impairment and Voting. ............................................11

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3.6. Class 4:  Equity Interests. ...................................................................11

    3.6.1. Claims in Class. .........................................................................11
    3.6.2. Treatment. ...............................................................................11
    3.6.3. Impairment and Voting. ...........................................................11

3.7. Elimination of Vacant Classes. ..............................................................11

4. PLAN IMPLEMENTATION .........................................................................12

4.1. Plan Implementation Occurring on Effective Date. ...................................12

    4.1.1. Reorganized Debtor. ...............................................................12
    4.1.2. Prohibition of Non-Voting Equity Securities. ...............................12

4.2. Notice of Effectiveness. .......................................................................12
4.3. Operations and Management of Reorganized Debtor. ................................12
4.4. No Governance Action Required. ...........................................................12
4.5. Filing with Nevada Secretary. ...............................................................12
4.6. Exemption from Certain Transfer Taxes and Further Transactions. .............13
4.7. Final Decree. ......................................................................................13

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...............................13

5.1. Executory Contracts and Unexpired Leases. ...........................................13

6. MANNER OF DISTRIBUTION OF PROPERTY UNDER THE PLAN ...............13

6.1. Manner of Payment Under the Plan. .......................................................13
6.2. Whole Dollars. ...................................................................................13
6.3. Escheat. .............................................................................................14
6.4. Delivery of Distributions. .....................................................................14

    6.4.1. Record Date for Distributions. ..................................................14
    6.4.2. Delivery of Distributions in General. .........................................14
    6.4.3. Returned Distributions. ............................................................14
    6.4.4. Disputed Distributions. ............................................................15
    6.4.5. Setoffs. ..................................................................................15
    6.4.6. Withholding Taxes. .................................................................15
    6.4.7. No Recourse. ..........................................................................15

7. PROCEDURES FOR RESOLVING DISPUTED CLAIMS ................................15

7.1. Objection to and Resolution of Claims. ..................................................15
7.2. Payments. ..........................................................................................16
7.3. Contingent Claims. ..............................................................................16
7.4. Estimation of Claims. ...........................................................................16

8. RESERVATION OF RIGHTS ......................................................................16

8.1. Withdrawal of Plan; Rights if Plan Not Confirmed; Effective Date Does Not
    Occur. ...............................................................................................16
8.2. No Admissions or Waiver. ....................................................................16
8.3. Term of Bankruptcy Injunction or Stays. ................................................17

9. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE ........17

9.1. Conditions to Confirmation. .............................................................17
9.2. Conditions to Occurrence of Effective Date. .........................................17

10. EFFECT OF CONFIRMATION OF PLAN .........................................................17

10.1. Binding Effect of Plan/Injunction. ....................................................17
10.2. Exculpation. ............................................................................18
10.3. Injunctions. ............................................................................18

    10.3.1. Injunction Protecting Exculpation. ............................................18
    10.3.2. Injunction Against Interference With Plan. ..................................19

10.4. Judgments Void. .......................................................................19
10.5. Revesting of Assets in Reorganized Debtor. .......................................19
10.6. Preservation of Causes of Action. ..................................................20
10.7. Maintenance of Administrative Claim Status. ......................................20
10.8. No Limitation on Effect of Confirmation. ...........................................20

11. RETENTION OF JURISDICTION .................................................................20

11.1. Retention of Jurisdiction. .............................................................20
11.2. Jurisdiction Unaffected. ...............................................................22
11.3. Failure of Bankruptcy Court to Exercise Jurisdiction. ............................22

12. MISCELLANEOUS PROVISIONS ..................................................................22

12.1. Modification of the Plan. .............................................................22
12.2. Notices. ................................................................................23
12.3. Headings. ..............................................................................23
12.4. Nonseverability of Plan Provisions. .................................................23
12.5. Waiver or Estoppel. ..................................................................23
12.6. Governing Law. .......................................................................24
12.7. Successors and Assigns. .............................................................24
12.8. Modification of Payment Terms. ....................................................24
12.9. Effectuating Documents; Further Transactions; Timing. ..........................24
12.10. Cramdown. ...........................................................................24
12.11. Fees and Reporting to the United States Trustee. ...............................24
12.12. Post Confirmation Reports and Quarterly Fees. .................................24
12.13. Entire Agreement. ...................................................................25

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

iv

NW Valley Holdings, LLC, a Nevada limited liability company, f/k/a Kyle Acquisition Group, debtor and debtor-in-possession, proposes this plan of reorganization for the resolution of its outstanding Claims and Equity Securities.[1]  All Creditors, Equity Interest Holders, and other parties-in-interest should refer to the Disclosure Statement for a discussion of Debtor's history, assets, historical financial data, and for a summary and analysis of the Plan and certain related matters.  All Holders of Claims against and Equity Securities in Debtor are encouraged to read the Plan, the Disclosure Statement, and the related solicitation materials in their entirety before voting to accept or reject the Plan.

Subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in Article 12 to the Plan, Debtor expressly reserves the right to alter, amend, strike, withdraw, or modify the Plan one or more times before its substantial consummation.

## 1.   DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME

**1.1. Definitions.**   For the purposes of the Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article 1.  Any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, in that order of priority. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.  As used in the Plan, the following terms shall have the meanings specified below:

**1.1.1. Administrative Claim.**  A Claim for any cost or expense of administration of the Chapter 11 Case Allowed pursuant to sections 503(b), 507(a)(2) or 507(b) of the Bankruptcy Code, including:  (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of Debtor, including but not limited to wages, salaries, or commissions for services, and payments for goods and services; (b) compensation and reimbursement of expenses for legal, financial advisory, accounting, and other services, including but not limited to, Allowed Professional Fees, pursuant to sections 327, 328, 330(a), or 331 of the Bankruptcy Code or otherwise for the period commencing on the Petition Date and ending on the Effective Date; (c) all fees and charges payable pursuant to 28 U.S.C. § 1930; and (d) all Bankruptcy Court approved requests for compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Case, pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code or otherwise.

**1.1.2. Administrative Claim Bar Date.**  The deadline for filing requests for allowance and payment of Administrative Claims, including Professional Fees, which shall be thirty (30) days after the Effective Date.

**1.1.3. Allowed.**  With reference to any Claim or Equity Interest with respect to Debtor:  (a) any Claim against or Equity Interest in the Debtor that has been listed by the Debtor in its Schedules, as such Schedules may be amended by the Debtor from time to time in

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

---

[1]  All capitalized terms herein shall have the meanings as ascribed to them in Article 1.1 of the Plan.

1

accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary Proof of Claim or Equity Interest has been Filed; (b) any Claim or Equity Interest Allowed (i) under the Plan, (ii) by Final Order, or (iii) as to which the liability of Debtor and the amount thereof are determined by a Final Order of a court of competent jurisdiction other than the Bankruptcy Court; or (c) as to which a Proof of Claim has been timely Filed in a liquidated amount with the Bankruptcy Court, pursuant to the Bankruptcy Code or any order of the Bankruptcy Court, or has been Filed with leave of the Bankruptcy Court after notice and a hearing, provided that no objection to the allowance of such Claim or motion to expunge such Claim has been interposed by any party-in-interest before any final date for the filing of such objections or motions set forth in the Plan, the Confirmation Order or other order of the Bankruptcy Court.  For purposes of determining the amount of an Allowed Claim, there shall be deducted therefrom an amount equal to the amount of any valid and enforceable claim that Debtor may hold against the Holder thereof, to the extent such Claim may be validly offset, recouped, or otherwise reduced under applicable law.

**1.1.4. Assets.**  All of the assets, property, interests, real and personal, tangible and intangible, wherever situated, of Debtor, as they exist as of the Effective Date.

**1.1.5. Available Cash.**  All cash and cash equivalents of the Debtor, except as may be needed to pay Allowed Administrative Claims, Priority Tax Claim, Priority Non-Tax Claims and any costs and expenses from the Confirmation Date through the Final Decree.

**1.1.6. Avoidance Actions.**  Any actions commenced, or that may be commenced before or after the Effective Date, pursuant to sections 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553(b) and 724(a) of the Bankruptcy Code.

**1.1.7. Bankruptcy Code.**  The Bankruptcy Reform Act of 1978, title 11 of the United States Code, as amended from time to time, as applicable to this Chapter 11 Case, as now in effect or hereafter amended.

**1.1.8. Bankruptcy Court.**  The United States Bankruptcy Court for the District of Nevada having jurisdiction over the Chapter 11 Case, and to the extent of the withdrawal of any reference under section 157 of title 28 of the United States Code and/or the General Order of the United States District Court for the District of Nevada pursuant to section 151 of title 28 of the United States Code, the United States District Court for the District of Nevada.

**1.1.9. Bankruptcy Rules.**  Collectively, the Federal Rules of Bankruptcy Procedure as applicable to the Chapter 11 Case, and the general, local and chambers rules and orders of the Bankruptcy Court, all as now in effect or hereafter amended.

**1.1.10. Bar Date**  In the case of non-governmental Creditors, May 13, 2015, which is the date established by the Bankruptcy Court by which such Creditors are required to file proofs of claim with respect to pre-petition Claims including Claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code, except with respect to Administrative Claims, Claims arising from the rejection of any Executory Contracts and Unexpired Leases, and Claims that were scheduled by Debtor as undisputed, non-contingent, and unliquidated.  In the case of governmental Creditors, July 9, 2015, which is the date established by the Bankruptcy Court by which such Creditors are required to file proofs of claim with respect to pre-petition Claims, including but not limited to Priority Tax Claims.

**1.1.11. Business Day.**  A day, other than a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

**1.1.12. Cash.**  The legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, negotiable instruments, wire transfers of immediately available funds, or other cash equivalents.

**1.1.13. Causes of Action.**  Any Avoidance Action, cause of action, controversy, demand, right, action, Lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license, and franchise of any kind or character what-soever, known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law.

**1.1.14. Chapter 11 Case.**  The case under chapter 11 of the Bankruptcy Code involving the Debtor, having case number BK-S-15-15-10116-abl, including all adversary proceedings pending in connection therewith.

**1.1.15. Claim.**  Any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date or relating to any event that occurred before the Effective Date, or any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**1.1.16. Claim Objection Deadline.**  The date that is fifteen (15) days after the Bar Date for the applicable Claims, except for Claims for which a specific objection deadline has been set forth elsewhere in the Plan, which deadlines may all be extended by Reorganized Debtor upon request after notice and a hearing.

**1.1.17. Claims Register.**  The official register of Claims and Equity Interests maintained by Debtor.

**1.1.18. Class.**  A category of Holders of Claims or Equity Interests as classified in the Plan.

**1.1.19. Confirmation.**  The entry by the Bankruptcy Court of the Confirmation Order on the docket in the Chapter 11 Case.

**1.1.20. Confirmation Date.**  The date upon which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case.

**1.1.21. Confirmation Hearing.**  The hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to section 1128 of the Bankruptcy Code, as such hearing may be adjourned or continued from time to time.

**1.1.22. Confirmation Order.**  The order entered by the Bankruptcy Court

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3

confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**1.1.23. Creditor.**  Any Holder of a Claim, whether or not such Claim is Allowed.

**1.1.24. Debtor.**  NW Valley Holdings, LLC, a Nevada limited liability company, f/k/a Kyle Acquisition Group, as debtor in this Chapter 11 Case.

**1.1.25. Disallowed Claim.**  Any Claim or portion thereof that has been disallowed by a Final Order of the Bankruptcy Court.

**1.1.26. Disclosure Statement.**  The disclosure statement that relates to the Plan, including all exhibits and schedules thereto, as may be amended, supplemented or modified from time to time, that is prepared  and distributed in accordance with, among other matters, sections 1125, 1126(b) and 1145 of the Bankruptcy Code, Bankruptcy Rule 3018, and other applicable law.

**1.1.27. Disputed.**  A Claim (including any Administrative Claim, Priority Claim or Secured Claim) or Equity Interest, or any portion thereof, that is:  (a) listed in the Schedules as disputed, contingent, or unliquidated; or (b) subject to an objection interposed by Debtor, Reorganized Debtor, or any party-in-interest entitled to file and prosecute such objection in the Chapter 11 Case, if at such time such objection remains unresolved.

**1.1.28. Distribution.**  Any distribution made by Debtor or Reorganized Debtor to the Holders of Allowed Claims or Allowed Equity Interests pursuant to the terms of the Plan.

**1.1.29. Distribution Record Date.**  The Confirmation Date unless the Bankruptcy Court establishes a different date in the Confirmation Order.

**1.1.30. Effective Date.**  The latest to occur of:  (i) the first Business Day that is at least fourteen (14) days after the Confirmation Date and on which no stay of the Confirmation Order is in effect; and (i) the first (1st) Business Day on which all of the conditions set forth in Section 9 have been satisfied or waived.

**1.1.31. Equity Interest.**  Includes the following (i) any equity or other ownership interest in Debtor, including, but not limited to, all issued and outstanding or reserved for issuance, common stock, preferred stock, membership interests, warrants, options, or other ownership rights or rights to purchase or receive additional shares of stock or membership interests in the Debtor, and/or any other instrument or document to the extent that it directly or indirectly evidences, creates or reserves any equity or ownership interest in the  Debtor giving rise to any Claim or Equity Interest, (ii) equity interests, including all membership interests together with any warrants, options, or contractual rights to purchase or acquire such equity interests at any time and all rights arising with respect thereto, and (iii) partnership, limited liability company or similar interest.

**1.1.32. Estate.**  The estate of Debtor that was created by the commencement of the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

**1.1.33. Executory Contract.**  A contract to which a Debtor is a party that is subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code.

**LARSON & ZIRZOW, LLC**
**810 S. Casino Center Blvd. #101**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170  Fax: (702) 382-1169**

4

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**1.1.34. Federal Judgment Rate.**  The rate of interest on judgments as provided for by 28 U.S.C. § 1961 as of the Confirmation Date.

**1.1.35. File.**  To file with the Bankruptcy Court in the Chapter 11 Case.

**1.1.36. Final Decree.**  An order of the Bankruptcy Court closing the Chapter 11 Case pursuant to section 350 of the Bankruptcy Code.

**1.1.37. Final Order.**  An order, judgment or other decree of the Bankruptcy Court and entered on the docket of such court:  (a) that has not been reversed, stayed, modified, amended, revoked, varied or set aside, and as to which (i) any right to appeal or seek certiorari, review, reargument, stay or rehearing has been waived, or (ii) the time to appeal or seek certiorari, review, reargument, stay or rehearing has expired and no appeal or petition for certiorari, review, reargument, stay or rehearing is pending; or (b) as to which an appeal has been taken or petition for certiorari, review, reargument, stay or rehearing has been filed, and (i) such appeal or petition for certiorari, review, reargument, stay or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review, reargument, stay or rehearing was sought, and (ii) the time to appeal further or seek certiorari, re-view, reargument, stay or rehearing has been waived or expired and no such further appeal or petition for certiorari, review, reargument, stay or rehearing is pending; *provided, however*, that no order or judgment shall fail to be a "Final Order" hereunder solely because of the possibility that a motion pursuant to sections 502(j) or 1144 of the Bankruptcy Code, Rule 59 or 60 of the Federal Rules of Civil Procedure as incorporated pursuant to Bankruptcy Rules 9023 and 9024 may be Filed with respect to such order or judgment.

**1.1.38. General Unsecured Claim.**  A Claim that is not secured by a charge against or interest in property in which the Estate has an interest and is not an unclassified Claim, Administrative Claim, Secured Claim, Priority Tax Claim or Priority Non-Tax Claim. General Unsecured Claims shall also include all Claims arising under section 502(g) of the Bankruptcy Code.

**1.1.39. Holder.**  Any Person holding a Claim against or Equity Interest in the Debtor**.**

**1.1.40. Impaired.**  Means impairment within the meaning of section 1124 of the Bankruptcy Code.

**1.1.41. Insider.**  Shall include any person having such meaning as set forth in section 101(31) of the Bankruptcy Code.

**1.1.42. KEH.**  Kyle Entity Holdings, LLC, a Delaware limited liability company.

**1.1.43. Lien.**  A charge against or interest in property to secure payment of a debt or performance of an obligation within the meaning of section 101(37) of the Bankruptcy Code.

**1.1.44. Litigation Claims.**  All rights, claims, torts, liens, liabilities, obligations, actions, Causes of Action, Avoidance Actions, derivative actions, proceedings, debts, contracts, judgments, damages and demands whatsoever in law or in equity, whether known or unknown, contingent or otherwise, that Debtor or the Estate may have against any person, including but not

5

limited to those listed on Schedule 1.1.45 hereto.  The failure to list a Litigation Claim on Schedule 1.1.45 shall not constitute a waiver or release by Debtor or Reorganized Debtor of such Litigation Claims.

**1.1.45. Manager.**  Asgaard Capital, LLC, a Virginia limited liability company, in its capacity as the manager of the Debtor or the Reorganized Debtor, as applicable.

**1.1.46. Permitted Encumbrances.**  Includes the following: (i) Liens for *ad valorem* taxes not yet due and payable, (ii) easements, restrictions, rights of way, conditions and limitations of record that affected the title to the Remaining Real Property as of the Petition Date, (iii) any Liens securing Secured Claims that are reinstated or assumed by Debtor (as applicable), and (iv) liens arising in favor of any applicable authority pursuant to NRS chapter 318 or other applicable law to secure water or sewer service, inspection and/or related fees.

**1.1.47. Person.**  Any individual, corporation, partnership, limited liability company, joint venture, association, trust or organization, unincorporated organization or government, governmental agency, governmental unit or political subdivision, or any other entity.

**1.1.48. Petition Date.**  January 10, 2015, the date on which the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the Chapter 11 Case.

**1.1.49. Plan.**  This chapter 11 plan of reorganization, including all documents referenced herein and all exhibits, supplements, appendices and schedules hereto or thereto, either in its present form or as the same may be altered, amended or modified from time to time pursuant to the Bankruptcy Code or Final Order.

**1.1.50. Priority Non-Tax Claim.**  Any Claim, other than an Administrative Claim or Priority tax Claim, that is entitled to priority under section 507(a) of the Bankruptcy Code.

**1.1.51. Priority Tax Claims.**  Any Claim that is entitled to priority under sections 502(i) or 507(a)(8) of the Bankruptcy Code.  Priority Tax Claims do not include *ad valorem* property tax Claims if such Claims under applicable state law are Secured by a Lien on Debtor's Assets.

**1.1.52. Professional.**  A Person:  (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 328 and/or 1103 of the Bankruptcy Code, including also for the avoidance of doubt, the Manager, and to be compensated for services rendered prior to or on the Effective Date, pursuant to sections 327, 328, 329, 330, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court, pursuant to section 503(b) of the Bankruptcy Code; (c) Charlie C. Reardon, in his capacity as a "Responsible Person" for the Debtor pursuant to Bankruptcy Rule 9001(5).

**1.1.53. Professional Fees.**  All reasonable fees and expenses incurred by Professionals and Allowed by the Bankruptcy Court.

**1.1.54. Professional Fee Claim.**  Any Claim for compensation or reimbursement

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

6

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

of fees and expenses as may be requested by a Professional to the extent such Professional is required to apply to the Bankruptcy Court for payment of such Claim pursuant to sections 503(b), 326, 327, 328, 330 or 331 of the Bankruptcy Code and the terms of the Plan.

**1.1.55. Proof of Claim.**  A Proof of Claim Filed against Debtor in the Chapter 11 Case.

**1.1.56. Pro Rata.**  With respect to an amount of Cash or other consideration to be paid or distributed on a particular date to a Holder of an Allowed Claim, that such Distribution shall be made in accordance with the ratio, as of such date, of the amount such Allowed Claim is to the aggregate of the amounts of Claims in the Class to which such Allowed Claim belongs.

**1.1.57. Record Date.**  The Confirmation Date for the purpose of determining the Holders of Equity Interests.

**1.1.57.1. Remaining Real Property.**  All of Debtor's right, title and interest in and to that certain real property known as Parcel Nos. 20C, 20D, 20F, 20G, 20H and 20I, lying within Section 12, Township 19 South, Range 59 East and Sections 6 and 7, Township 19 South, Range 60 East, M.D.M. City of Las Vegas, Clark County, Nevada, together with any improvements thereto.

**1.1.58. Reorganized Debtor.**  Debtor, or any successor thereto, by merger, consolidation or otherwise, as reorganized pursuant to the Plan on or after the Effective Date.

**1.1.59. Representatives.**  The Manager and the Professionals.

**1.1.60. Schedules.**  The schedules of assets and liabilities, the list of Holders of Equity Interests and the statements of financial affairs Filed by Debtor under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto through the Confirmation Date.

**1.1.61. Secured.**  When referring to a Claim:  (a) secured by a Lien on property in which the Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the Creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (b) Allowed pursuant to the Plan as a secured Claim.

**1.1.62. Unexpired Lease.**  A lease of non-residential real property to which the Debtor is a party that is subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code.

**1.1.63. Unimpaired.**  With respect to a Claim or Equity Interest, leaving unaltered the legal, equitable, and contractual rights to which such Claim or Interest entitles the Holder of such Claim or Interest.

**1.1.64. Unsecured Claim.**  Any Claim that is neither Secured nor entitled to priority under the Bankruptcy Code or any order of the Bankruptcy Court as a Priority Tax

Claim or Priority Non-Tax Claim.

**1.1.65. U.S. Trustee Fees.**  Any fees payable pursuant to 28 U.S.C. § 1930.

**1.2. Computation of Time.**  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**1.3. Rules of Interpretation.**   Any term used in the Plan that is not defined in the Plan, either in this Article or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. For purposes of the Plan:  (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to an existing document, schedule, or exhibit Filed or to be Filed means such document, schedule, or exhibit, as it may have been or may be amended, modified, or supplemented as of the Confirmation Date in accordance with the terms hereof; (c) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles, and exhibits are references to Sections, Articles, and exhibits of or to the Plan; (d) the words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (e) the word "all" shall mean "any and all;" (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretations of the Plan; (g) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply, including that the terms "includes," "shall include," and "including" are not limiting; (h) reference to a pleading, request, or document being "Filed" means duly and properly filed with the Bankruptcy Court as reflected on the docket of the Bankruptcy Court; (i) all exhibits and schedules to the Plan are incorporated into the Plan, and shall be deemed to be included in the Plan, regardless of when they are Filed; (j) any service or notice provided for in the Plan shall be provided at the addresses specified herein; (k) except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent the exhibits provide otherwise, the rights, duties and obligations under the Plan shall be governed, construed and enforced in accordance with the laws of the State of Nevada; and (l) to the extent a reference or description in the Disclosure Statement is inconsistent with the terms or conditions of the Plan, the terms and conditions of the Plan, as applicable, shall govern over the reference contained in the Disclosure Statement.

**1.4. Exhibits and Plan Schedules.**   All exhibits and schedules attached to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

## 2. TREATMENT OF UNCLASSIFIED CLAIMS

**2.1. General.**  Pursuant to section 1123(a)(1) of the Bankruptcy Code, the Claims against Debtor set forth in this Article 2 are not designated as Classes.  The Holders of such Claims are not entitled to vote on the Plan.  The treatment of the Claims set forth below is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

**2.2. Treatment of Administrative Claims.**

**2.2.1. Generally.**   Each Allowed Administrative Claim shall be paid by Reorganized Debtor (or otherwise satisfied in accordance with its terms) upon the latest of:  (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Bankruptcy Court, or as soon thereafter as practicable; and (iii) such date as the Holder of such Claim and Reorganized Debtor shall agree upon. For the avoidance of doubt, notwithstanding anything to the contrary herein, the Debtor or Reorganized Debtor, as the case may be, hereby reserve any and all defenses or offsets to challenge any Administrative Claims.

**2.2.2. Requests for Payment.** All requests for payment of Administrative Claims against Debtor and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claims Bar Date or the Holders thereof shall be forever barred from asserting such Administrative Claims against Debtor and the Reorganized Debtor. All Professional Fees applications must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and all other orders governing payment of Professional Fees. Unless otherwise ordered by the Bankruptcy Court, from and after the Effective Date, no professional shall be required to file fee applications with the Bankruptcy Court and Reorganized Debtor may pay all professionals in the ordinary course for fees and expenses incurred after the Effective Date.

**2.3. Priority Tax Claims.** Each Allowed Priority Tax Claim, if any, will be paid in full by the Reorganized Debtor on the later of: (i) the fourteenth (14th) Business Day after the date on which an order allowing such Claim becomes a Final Order; or (ii) such other time as is agreed to by the Holder of such Claim and Debtor prior to the Effective Date or the Reorganized Debtor after the Effective Date.

## 3. DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS

**3.1. Overview.** Pursuant to the Plan and in accordance with section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors and the Holders of Equity Securities (except Administrative Claims and Priority Tax Claims) are placed in the Classes described below. A Claim or Equity Interest is classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim or Equity Interest qualifies within the description of such other Classes. A Claim or Equity Interest is also classified in a particular Class only to the extent that such Claim or Equity Interest is an Allowed Claim or Allowed Equity Interest in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date. With respect to Classes of Claims described as Unimpaired under the Plan, except as otherwise provided under the Plan, nothing shall affect the rights and legal and equitable defenses of Debtor and Reorganized Debtor regarding such Claims classified as Unimpaired under the Plan, including but not limited to, all rights in respect of legal and equitable defenses to setoff or recoupment against such Claims.

**3.2. Summary of Classification.**

| **Class** | **Description** | **Treatment** |
|-----------|-----------------|---------------|
| Class 1 | Secured Claims | Unimpaired. No solicitation required. Deemed to accept. |
| Class 2 | Priority Non-Tax Claims | Unimpaired. No solicitation required. Deemed to accept. |
| Class 3 | General Unsecured Claims | Unimpaired. No solicitation required. Deemed to accept. |

9

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

| Class 4 | Equity Interests | Impaired.  No solicitation required. Deemed to reject. |

**3.3. Class 1:  Secured Claims.**

**3.3.1. Claims in Class.**  Class 1 consists of any Allowed Secured Claims.

**3.3.2. Treatment.**  Each Holder of a Secured Claim shall be considered to be in its own separate subclass within Class 1 and each such subclass shall be deemed to be a separate Class for purposes of the Plan.  Except to the extent that the Holder of an Allowed Secured Claim in Class 1 agrees to less favorable treatment, each Holder of an Allowed Secured Claim in Class 1 shall be satisfied by, at the option of the Debtor: (i) payment in Cash by the Reorganized Debtor in full on the later of the Effective Date and the date such Secured Claim becomes Allowed, or as soon thereafter as is practicable; (ii) the sale or disposition proceeds of the Collateral securing such Allowed Claim to the extent of the value of the Collateral securing such Allowed Claim; (iii) surrender to the Holder of such Allowed Secured Claim of the Collateral securing such Allowed Claim; or (iv) such treatment that leaves unaltered the legal, equitable, and contractual rights to which the Holder of the Allowed Secured Claim is entitled.  In the event an Allowed Secured Claim in Class 1 is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**3.3.3. Impairment and Voting.**  Creditors with Allowed Secured Claims in Class 1 are Unimpaired under the Plan.  Holders of Allowed Class 1 Claims are not entitled to vote to accept or reject the Plan, and are conclusively presumed to have accepted the Plan.

**3.4. Class 2:  Priority Non-Tax Claims.**

**3.4.1. Claims in Class.**  Class 2 consists of all Priority Non-Tax Claims.

**3.4.2. Treatment.**  Except to the extent that a Creditor with an Allowed Priority Non-Tax Claim agreed to less favorable treatment, each Allowed Priority Non-Tax Claim shall be paid in full by the Reorganized Debtor upon the latest of: (i) the first Business Day after the Effective Date; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the fourteenth (14th) Business Day after such Allowed Priority Non-Tax Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Allowed Priority Non-Tax Claim and, prior to the Effective Date, Debtor, and after the Effective Date, the Reorganized Debtor, shall agree.

**3.4.3. Interest.**  Each Holder of an Allowed Priority Non-Tax Claim shall also receive on account of such Holder's Allowed Priority Non-Tax Claim payment of post-petition interest calculated at the Federal Judgment Rate unless there is an applicable contractual interest rate, in which case interest shall be paid at the contractual interest rate so long as (i) a contractual interest rate was set forth in a timely filed proof of claim or (ii) the Holder of such Allowed Priority Non-Tax Claim provides written notice of such contractual interest rate to the Debtor's counsel on or before the Effective Date, and subject to the Debtor's and any other Person's right to verify or object to the existence of the asserted contractual rate of interest.

**3.4.4. Impairment and Voting.**  Creditors with Allowed Priority Non-Tax Claims in Class 2 are Unimpaired under the Plan.  Holders of Allowed Priority Non-Tax Claims

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

are not entitled to vote to accept or reject the Plan, and are conclusively presumed to have accepted the Plan.

### 3.5. Class 3: General Unsecured Claims.

**3.5.1. Claims in Class.**  Class 3 consists of all Allowed General Unsecured Claims against the Debtor.

**3.5.2. Treatment.**  Except to the extent that a Creditor with an Allowed General Unsecured Claim agrees to less favorable treatment, Holders of Class 3 Allowed General Unsecured Claims will receive the following:  (1) a Pro Rata payment of Available Cash based upon their Allowed General Unsecured Claims upon the third business day following the Effective Date, or as soon thereafter as is practicable; and (2) the option of either: (a) a Pro Rata distribution of 100% of the membership interest in Reorganized Debtor (the "Equity Option"), or (b) for any creditor other than KEH, an additional cash payment in an amount equivalent to the fair value of the Pro Rata share of such new equity membership interests on the Effective Date (the "Cash-Out Option").  The applicable Holders of Allowed General Unsecured Claims, other than KEH, shall provide the Debtor with written notice of their election to take either the Equity Option or the Cash-Out Option prior to the Confirmation Hearing.  As noted in Articles 4.1 and 10.6 hereof, the Equity Option, by virtue of it being a distribution of all of the equity in the Reorganized Debtor, will include the right to commence and collect upon any and all Litigation Claims and the right to the Remaining Real Property, which are all being preserved and revested in the Reorganized Debtor.  The foregoing treatment shall be in full satisfaction, settlement, release and exchange for such Allowed General Unsecured Claims.  Except as has been agreed to prior to the filing of the Plan and the Disclosure Statement, this Plan leaves unaltered the legal, equitable, and contractual rights of the Holders of General Unsecured Claims.

**3.5.3. Impairment and Voting.**  Creditors with Allowed General Unsecured Claims in Class 3 are Unimpaired under the Plan.  Holders of Allowed Class 3 General Unsecured Claims are not entitled to vote to accept or reject the Plan, and are conclusively presumed to have accepted the Plan.

### 3.6. Class 4:  Equity Interests.

**3.6.1. Claims in Class.**  Class 4 consists of Holders of Equity Interests in Debtor.

**3.6.2. Treatment.**  Holders of Class 4 Equity Interests shall not receive or retain anything under the Plan on account of such interests, and their membership interests in and to the Debtor shall be fully cancelled and extinguished immediately upon the Effective Date.

**3.6.3. Impairment and Voting.**  Holders of Class 4 Equity Interests are Impaired under the Plan.  Holders of Class 4 Equity Interests are not entitled to vote to accept or reject the Plan, and instead are deemed to reject the Plan, if applicable, pursuant to section 1126(g) of the Bankruptcy Code.

**3.7. Elimination of Vacant Classes.**  Any Class of Claims that is not occupied as of the date of the commencement of the Confirmation Hearing by an Allowed Claim or a Claim temporarily Allowed under Bankruptcy Rule 3018 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

## 4. **PLAN IMPLEMENTATION**

**4.1. Plan Implementation Occurring on Effective Date.** On the Effective Date, without any further action by Debtor or Reorganized Debtor, all of the Debtor's Assets, including but not limited to the Remaining Real Property and the Litigation Claims, shall revest in Reorganized Debtor, subject to the terms and conditions of the Plan, and the following events shall occur in the following sequence:

**4.1.1. Reorganized Debtor.** On and after the Effective Date, Reorganized Debtor shall continue to exist as a separate entity in accordance with applicable law. Debtor's existing articles of organization, bylaws, corporate resolutions, and operating agreement (as amended, supplemented or modified, and as applicable) will continue in effect for Reorganized Debtor following the Effective Date, except to the extent such documents are amended in conformance with the Plan or by proper corporate action after the Effective Date.

**4.1.2. Prohibition of Non-Voting Equity Securities.** The Reorganized Debtor's articles of organization, operating agreements, and/or bylaws shall be amended as necessary to satisfy the provisions of the Plan and the Bankruptcy Code, which shall include, among other matters, pursuant to section 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the issuance of non-voting equity interests, but only to the extent required by the Bankruptcy Code.

**4.2. Notice of Effectiveness.** When all of the steps contemplated by Articles 9.1 and 9.2 have been completed, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon all Creditors and all potential Holders of Administrative Claims known to the Reorganized Debtor (whether or not disputed), a Notice of Effective Date of Plan. The Notice of Effective Date of Plan shall include notice of the Administrative Claim Bar Date.

**4.3. Operations and Management of Reorganized Debtor.** On the Effective Date, the Debtor's Manager shall continue to manage and operate the Reorganized Debtor, and with full authority to make all decisions and take all actions on behalf of Reorganized Debtor to effectuate the Plan. The Manager will also act as distribution agent for the Plan.

**4.4. No Governance Action Required.** As of the Effective Date: (i) the adoption, execution, delivery and implementation or assignment of all contracts, leases, instruments, releases and other agreements related to or contemplated by the Plan; and (ii) the other matters provided for under or in furtherance of the Plan involving corporate action to be taken by or required of Debtor shall be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without further order of the Bankruptcy Court or any requirement of further action by the members or managers of Debtor.

**4.5. Filing with Nevada Secretary.** To the extent applicable and required, in accordance with NRS chapter 86, on the Effective Date a certified copy of the Plan and the Confirmation Order shall be filed with the Nevada Secretary. Further, to the extent applicable, from the Confirmation Date until the Effective Date, Debtor or Reorganized Debtor as the case may be is authorized and directed to take any action or carry out any proceeding necessary to effectuate the Plan pursuant to NRS chapter 86.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

12

**4.6.  Exemption from Certain Transfer Taxes and Further Transactions.**  Pursuant to section 1146(c) of the Bankruptcy Code, (i) the issuance, distribution, transfer or exchange of Estate property; (ii) the creation, modification, consolidation or recording of any deed of trust or other security interest, the securing of additional indebtedness by such means or by other means in furtherance of, or connection with this Plan or the Confirmation Order; (iii) the making, assignment, modification or recording of any lease or sublease; or (iv) the making, delivery or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, Confirmation Order or any transaction contemplated above, or any transactions arising out of, contemplated by or in any way related to the foregoing shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment and the appropriate state of local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.  For the avoidance of doubt, the revesting of the Remaining Real Property in the Reorganized Debtor shall be free from any transfer or related taxes.

**4.7.  Final Decree.**  Notwithstanding otherwise applicable law, the Chapter 11 Case shall be closed and a Final Decree entered as soon as possible after the occurrence of the Effective Date, unless and until:  (a) all adversary proceedings and contested matters pending before the Bankruptcy Court have been resolved by a Final Order; and (c) all Claims have either:  (i) become Allowed Claims and payments have begun in accordance with the treatment to be given such Allowed Claim pursuant to the Plan; (ii) been disallowed by a Final Order or deemed to be a Disallowed Claim, in accordance with the terms of the Plan; (iii) been assumed by Debtor, or (iv) reinstated.

## 5. <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

**5.1. Executory Contracts and Unexpired Leases.**  All Executory Contracts and Unexpired Leases that exist on the Confirmation Date shall be deemed rejected by Debtor on the Effective Date.  Entry of the Confirmation Order shall constitute as of the Effective Date a rejection by Debtor of each Executory Contract and Unexpired Lease to which Debtor is a party.  All proofs of Claims with respect to Claims arising from the rejection of any Executory Contract or Unexpired Lease shall be filed no later than thirty (30) days after the Effective Date.  Any Claim not filed within such time shall be forever barred.

## 6. <u>MANNER OF DISTRIBUTION OF PROPERTY UNDER THE PLAN</u>

**6.1. Manner of Payment Under the Plan.**  Distributions of Cash to be made by the Debtor or Reorganized Debtor pursuant to the Plan shall be made, at the discretion of the Debtor or Reorganized Debtor, by check drawn on the Debtor's or Reorganized Debtor's bank account or by wire transfer.  Reorganized Debtor may require that any party receiving a distribution first provide its tax identification number if so requested prior to any distribution being sent, and may withhold such distribution unless and until such information is provided.

**6.2. Whole Dollars.**  Any other provision of the Plan to the contrary notwithstanding, no payments of cents will be made.  Whenever any payment of cents would otherwise be called for, the actual payment may reflect a rounding of such fraction to the nearest whole dollar (up or down).

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**6.3. Escheat.** Holders of Allowed Claims shall have three (3) months from the check date to negotiate Distribution checks issued by the Debtor or Reorganized Debtor under the terms of the Plan, otherwise payment on such checks may, at the Debtor's or Reorganized Debtor's sole discretion, as applicable, be stopped and the funds shall escheat to the Debtor or Reorganized Debtor, as applicable, and shall be promptly distributed to either the Debtor or Reorganized Debtor in accordance with section 347 of the Bankruptcy Code, and thus shall become property of the Reorganized Debtor.

**6.4. Delivery of Distributions.**

**6.4.1. Record Date for Distributions.** On the Distribution Record Date, the Claims Register shall be closed and any Person responsible for making Distributions shall be authorized and entitled to recognize only those record Holders listed on the Claims Register as of the close of business on the Distribution Record Date. Notwithstanding the foregoing, if a Claim is transferred twenty or fewer days before the Distribution Record Date, the Reorganized Debtor shall make Distributions to the transferee only to the extent practical and in any event only if the relevant transfer forms contains an unconditional and explicit certification and waiver of any objection to the transfer by the transferor.

**6.4.2. Delivery of Distributions in General.** Except as otherwise provided in the Plan, and notwithstanding any authority to the contrary, Distributions to all Holders of Allowed Claims shall be made to Holders of record as of the Distribution Record Date by the Debtor or Reorganized Debtor:

**6.4.2.1.** In accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004;

**6.4.2.2.** To the signatory set forth on any of the Proofs of Claim Filed by such Holder or other representative identified therein (or at the last known addresses of such Holder if no Proof of Claim is Filed or if Debtor have been notified in writing of a change of address);

**6.4.2.3.** To the addresses set forth in any written notices of address changes delivered to Debtor after the date of any related Proof of Claim;

**6.4.2.4.** To the addresses reflected in the Schedules if no Proof of Claim has been Filed and the Debtor or Reorganized Debtor have not received a written notice of change of address; or

**6.4.2.5.** To any counsel that has appeared in the Chapter 11 Case on the Holder's behalf.

**6.4.3. Returned Distributions.** In the case of Distributions to the Holders of Allowed Claims that are returned to the Debtor or Reorganized Debtor due to an incorrect or incomplete address, the Debtor or Reorganized Debtor shall retain any such returned Distribution in a segregated account established by the Debtor or Reorganized Debtor to keep track of any returned Distributions. Unless the Holder of the Allowed Claim relating to any such returned Distribution contacts the Debtor or Reorganized Debtor (or its designee) within three (3) months from the date on which such Distribution was returned and provides the Debtor or

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Reorganized Debtor (or its designee) with acceptable proof of identity and an accurate address, such Holder shall forfeit all rights thereto, and to any and all future Distributions or rights under the Plan.  In such event, the Claim for which such Distributions was issued shall be treated as a Disallowed Claim and the Distribution on account of such Disallowed Claim shall promptly be distributed to Debtor.

**6.4.4. Disputed Distributions.**  In the event of any dispute between or among Holders of Claims as to the right to any Holder of a Claim to receive or retain any Distribution to be made to such Holder under the Plan, the Debtor or Reorganized Debtor, in lieu of making such Distribution to such Holder, may make it instead into an escrow account for payment as ordered by the Bankruptcy Court or as the interested parties to such dispute may otherwise agree among themselves.  Any such Holder who fails to raise such dispute by filing an appropriate request for relief with the Bankruptcy Court prior to the issuance of such disputed Distribution by the Debtor or Reorganized Debtor shall be deemed to have forever waived any right to dispute such Distribution or to enjoin, impair or otherwise restrict the use of any such Distribution.

**6.4.5. Setoffs.**  The Debtor or Reorganized Debtor may, but shall not be required to, set-off against any Distributions to be made pursuant to the Plan to a Holder of an Allowed Claim, Claims of any nature whatsoever that Debtor may have, or may have had, against such Holder that have not been previously released, but neither the failure to do so, nor the allowance of any Claim held by such Holder shall constitute a waiver or release by the Debtor or Reorganized Debtor of any such Claim Debtor may have, or may have had, against such Holder.

**6.4.6. Withholding Taxes.**  The Debtor or Reorganized Debtor shall be entitled to deduct any applicable federal or state withholding taxes from any payments made with respect to Allowed Claims, as appropriate, and shall otherwise comply with section 346 of the Bankruptcy Code.

**6.4.7. No Recourse.**  Except as specifically set forth herein, no recourse shall ever be had, directly or indirectly, against officer, director, agent, attorney, accountant or other Representative for the Reorganized Debtor, by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking obligation, covenant or agreement whatsoever executed by the Reorganized Debtor under the Plan, or by reason of the creation of any indebtedness by the Reorganized Debtor under the Plan for any purpose authorized by the Plan, it being expressly understood and agreed that all such liabilities, covenants, and agreements of the Reorganized Debtor, whether in writing or otherwise, shall be enforceable only against and be satisfied only by the Reorganized Debtor and the Assets.

# 7. PROCEDURES FOR RESOLVING DISPUTED CLAIMS

**7.1. Objection to and Resolution of Claims.**  Except as to applications for allowance of compensation and reimbursement of expenses under sections 330, 331 and/or 503 of the Bankruptcy Code, Debtor shall, on and after the Effective Date, have the exclusive right to make and file objections to Claims.  After the Effective Date, Reorganized Debtor shall have the authority to compromise, settle, otherwise resolve or withdraw any objections to any Claims and compromise, settle or otherwise resolve Disputed Claims without approval of the Bankruptcy Court.  Unless otherwise ordered by the Bankruptcy Court, the Debtor and, on and after the Effective Date, the Reorganized Debtor, shall file all objections to Claims that are the subject of

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Proofs of Claim or requests for payment filed with the Bankruptcy Court (other than applications for allowances of compensation and reimbursement of expenses with respect to Professional Fee Claims) and serve such objections upon the Holder of the Claim as to which the objection is made as soon as is practicable, but in no event later than the Claim Objection Deadline.

**7.2. Payments.**  Payments and Distributions to each Holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provision of the Plan with respect to the Class of Creditors to which the respective Holder of an Allowed Claim belongs.  Without limiting the generality of the foregoing, Debtor shall not be required to object to any Claim irrespective of whether such Claim is Allowed or Disputed, whether in whole or in part.

**7.3. Contingent Claims.**  Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed or absolute or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to Distributions under the Plan.  The Holder of a contingent Claim will only be entitled to a Distribution under the Plan when and if such contingent Claim becomes an Allowed Claim.

**7.4. Estimation of Claims.**  Debtor shall be permitted, at any time, to request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether Debtor previously had objected to such Claim or whether the Bankruptcy Court had ruled on such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during any litigation concerning any objection to such Claim, including during the pendency of any appeal relating to such objection.  In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court.  If such estimated amount constitutes a maximum limitation on the amount of such Claim, Debtor may elect to pursue any supplemental proceedings to object to the allowance of such Claim.

## 8. RESERVATION OF RIGHTS

**8.1. Withdrawal of Plan; Rights if Plan Not Confirmed; Effective Date Does Not Occur.**  Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date and to File subsequent plans of reorganization.  If Debtor revokes or withdraws the Plan, or if Confirmation of the Plan or the Effective Date does not ultimately occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of Executory Contracts or Unexpired Leases affected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (3) nothing contained in the Plan shall:  (a) constitute a waiver or release of any Claims or Equity Interests by or against the Debtor or any Person; (b) prejudice in any manner the rights of the Debtor or any other Person in any further proceedings involving the Debtor; or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtor or any other Person.

**8.2. No Admissions or Waiver.**  Without limiting the generality of any similar provision in the Plan, notwithstanding anything in the Plan to the contrary, nothing contained in the Plan or in the Disclosure Statement shall be deemed an admission by the Debtor or any Person with respect to any matter set forth herein.  If Confirmation of the Plan or the Effective Date does not

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

ultimately occur, no statement contained in the Plan or in the Disclosure Statement may be used or relied on in any manner in any suit, action, proceeding or controversy within or outside of the Chapter 11 Case against the Debtor.  The Debtor reserve any and all of their rights as against all Persons and Entities in the event Confirmation of the Plan or the Effective Date does not ultimately occur.

**8.3. Term of Bankruptcy Injunction or Stays.**  All injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date unless the Bankruptcy Court shall order otherwise.

## 9. CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE

**9.1. Conditions to Confirmation.**  As a condition precedent to the Confirmation of the Plan, the Confirmation Order shall be in form and substance reasonably acceptable to the Debtor and KEH.

**9.2. Conditions to Occurrence of Effective Date.**  The following are conditions precedent to the occurrence of the Effective Date:

**9.2.1.**  The Confirmation Order shall be a Final Order, except that the Debtor reserve the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, under circumstances that would moot such appeal;

**9.2.2.**  No request for revocation of the Confirmation Order under section 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending, including any appeal;

**9.2.3.**  All documents necessary to implement the transactions contemplated by the Plan shall be in form and substance reasonably acceptable to the Debtor and KEH;

**9.2.4.**  Sufficient Cash and other assets are set aside, reserved and withheld to make the distributions required by the Bankruptcy Code and the Plan; and

**9.2.5.**  Debtor, in its sole discretion, may waive the Final Order condition in Section 9.2.1 above at any time from and after the Confirmation Date.  In that event, the Debtor will be entitled to render any or all performance under the Plan prior to what otherwise would be the Effective Date if the above-referenced conditions were not waived; including, but not limited to, the right to perform under any circumstances which would moot any appeal, review or other challenge of any kind to the Confirmation Order if the Confirmation Order is not stayed pending such appeal, review or other challenge.

## 10. EFFECT OF CONFIRMATION OF PLAN

**10.1. Binding Effect of Plan/Injunction.  Upon the Effective Date, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by section 1141(a) of the Bankruptcy Code.  In accordance with section 1141 of the Bankruptcy Code, all of the Debtor's property shall be vested in the Reorganized Debtor free and clear of all Claims, Liens and**

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

interests of Creditors and Equity Interest Holders.  Upon the Effective Date, except as provided in the Plan, all Persons shall be permanently enjoined by the Plan from (i) commencing or continuing any action, employing any process, asserting or undertaking an act to collect, recover, or offset, directly or indirectly, any Claim, rights, Causes of Action, liabilities, or interests in or against any property distributed or to be distributed under the Plan, or vested in the Reorganized Debtor, based upon any act, omission, transaction, or other activity that occurred before the Effective Date, (ii) creating, perfecting or enforcing any lien or encumbrance against any property distributed or to be distributed under the Plan other than as permitted under the Plan, and (iii) without limiting the generality of the foregoing, asserting any Claims against the Reorganized Debtor based on successor liability or similar or related theory, except to the extent a Person holds an Allowed Claim under the Plan and is entitled to a distribution and/or Lien under the Plan in accordance with its terms, and to enforce its rights to distribution under the Plan.  On and after the Effective Date, each Holder of any Claim against or Equity Interest in the Debtor is permanently enjoined from taking or participating in any action that would interfere or otherwise hinder the Debtor or the Reorganized Debtor from implementing the Plan, the Confirmation Order or any operative documents in accordance with the terms thereof.

10.2. Exculpation.  Neither the Debtor and any of its Representatives, including any present or former members, directors, officers, managers, employees, advisors, attorneys, or agents, nor KEH and any of its present or former members, directors, officers, managers, employees, advisors, attorneys or agents (collectively, the "Exculpated Parties") shall have or incur any liability to any Holder of a Claim against or Equity Interest in the Debtor, or any other party-in-interest, or their successors or assigns, for any act, omission, transaction or other occurrence in connection with, relating to, or arising out of the Chapter 11 Case, the pursuit of confirmation of the Plan, or the consummation of the Plan, except and solely to the extent such liability is based on fraud, gross negligence or willful misconduct.  The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to any of their duties and responsibilities under the Plan or in the context of the Chapter 11 Case.  No Holder of a Claim against or Equity Interest in the Debtor, or any other party-in-interest, including their respective representatives, shall have any right of action against the Exculpated Parties, for any act, omission, transaction or other occurrence in connection with, relating to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan, except to the extent arising from fraud, gross negligence or willful misconduct. Nothing in this Article shall be deemed an exculpation by the Debtor or any of its Representatives for any acts, omissions, transactions, events or other occurrences taking place after the Effective Date.  Notwithstanding anything herein to the contrary, nothing herein is intended or should be construed as an exculpation, waiver or release of any of the Debtor's claims or potential claims, including but not limited to any against Kimball Hill Homes Nevada, Inc., Kimball Hill, Inc., the KHI Post-Consummation Trust, or the KHI Liquidation Trust.

10.3. Injunctions.

10.3.1. Injunction Protecting Exculpation.  All Holders of Claims against or Equity Interests in the Debtor and any other parties-in-interest, along with any of their present or former members, directors, officers, managers, employees, advisors, attorneys

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**or agents, and any of their successors or assigns, are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind against Reorganized Debtor or any of its present or former members, directors, officers, managers, employees, advisors, attorneys or agents, in respect of any potential liability for which exculpation is granted pursuant to the Plan, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against Reorganized Debtor or any of its present or former members, directors, officers, managers, employees, advisors, attorneys or agents in respect of any potential liability for which exculpation is granted pursuant to the Plan, (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against Reorganized Debtor or any of its present or former members, directors, officers, managers, employees, advisors, attorneys or agents in respect of any potential liability for which exculpation is granted pursuant to the Plan, or (iv) asserting any right of setoff, subrogation or recoupment of any kind against the Reorganized Debtor or any of its present or former members, directors, officers, managers, employees, advisors, attorneys or agents or against the property or interests in property the Reorganized Debtor or any of its Representatives, in respect of any potential liability for which exculpation is granted pursuant to the Plan; _provided_, _however_, that nothing contained herein shall preclude any Holder or other party-in-interest from exercising its rights pursuant to and consistent with the terms of the Plan.**

**10.3.2.  Injunction Against Interference With Plan.  Upon the Effective Date, all Holders of Claims against or Equity Interests in the Debtor and their respective present or former members, directors, officers, managers, employees, advisors, attorneys or agents, and any of their successors or assigns, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.**

**10.4. Judgments Void.**  Any judgment obtained before or after the Effective Date in any court other than the Bankruptcy Court shall be null and void as a determination of liability of the Debtor with respect to any debt treated by the Plan.

**10.5. Revesting of Assets in Reorganized Debtor.**  On the Effective Date, but retroactive to the Confirmation Date, without any further action, and except for the distribution of Available Cash in this Plan, Reorganized Debtor will be vested with all of the property of the Estate, wherever situate, free and clear of all Claims, Liens (except for Liens provided or authorized pursuant to the Plan and Permitted Encumbrances).  Without limiting the generality of the foregoing, on and after the Effective Date, Reorganized Debtor shall be vested with all of the property of the Estate, wherever situated, including but not limited to the Litigation Claims and the Remaining Real Property, free and clear of any Claims based on any form of successor liability or similar or related theory of liability, but subject to the Permitted Encumbrances.  On and after the Effective Date, the Reorganized Debtor shall be free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Court, may operate its business and may use, acquire or dispose of their assets free of any restrictions imposed by the Bankruptcy Code and the Bankruptcy Rules and without supervision or approval by the Bankruptcy Court, other than the obligations set forth in the Plan or the Confirmation Order.  Without limiting the generality of the foregoing, any Litigation Claims and the Remaining Real Property will be preserved and retained solely for Reorganized Debtor's and its new equity owner's commencement, prosecution, use and benefit.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**10.6. Preservation of Causes of Action.**  Pursuant to section 1123(b) of the Bankruptcy Code, the Debtor shall retain and reserve the right to enforce all rights to commence and pursue Causes of Action whether arising prior to or after the Petition Dates, and whether pending as of or Filed after the Effective Date, in any court or other tribunal.  Unless a Cause of Action is expressly waived, relinquished, released, compromised or settled in the Plan, or any Final Order, the Debtor on behalf of itself and the Reorganized Debtor after the Effective Date expressly reserves all Causes of Action for later adjudication and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to any Causes of Action upon Confirmation or the Effective Date.  No entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against them as an indication that the Debtor, or after the Effective Date the Reorganized Debtor, will not pursue any and all available Causes of Action against them.  The Debtor on behalf of itself and the Reorganized Debtor after the Effective Date expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan.

**10.7. Maintenance of Administrative Claim Status.**  Notwithstanding anything herein, Administrative Claims shall maintain their administrative priority status under section 507(a)(2) of the Bankruptcy Code until paid in full.

**10.8. No Limitation on Effect of Confirmation.**  Nothing contained in the Plan or the Disclosure Statement will limit, waive or restrict in any way the effect of Confirmation as set forth in section 1141 of the Bankruptcy Code.  Confirmation will bind the Debtor, all Creditors, Equity Interest Holders and other parties in interest to the provisions of the Plan, whether or not the Claim or Equity Interest of such Creditor or Equity Interest Holder is Impaired under the Plan and whether or not such Creditor or Equity Interest Holder has accepted the Plan and whether or not a proof of Claim or Equity Interest has been filed or deemed to have been filed under sections 501 or 1111(a) of the Bankruptcy Code, or such Claim or Equity Interest is Allowed under section 502 of the Bankruptcy Code.

## 11. <u>RETENTION OF JURISDICTION</u>

**11.1. Retention of Jurisdiction.**  Except to the extent otherwise expressly set forth herein, the Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case following the Confirmation Date for the following purposes, it being expressly intended that such retention of jurisdiction shall in all cases hereafter set forth, extend to any actions or proceedings commenced prior or subsequent to the Confirmation Date and/or the Effective Date whether by the Debtor or the Reorganized Debtor, as applicable, or the parties specified herein:

**11.1.1.** To hear and determine any objections to the allowance of Claims, including any objections by the Debtor or Reorganized Debtor with respect to any Claims which have been reinstated or assumed in accordance with the terms of the Plan;

**11.1.2.** To determine any and all applications for compensation for any Professionals and similar fees to the extent made specifically subject to a hearing under the Plan and applicable provisions of the Bankruptcy Code;

**11.1.3.** To determine any and all applications for the rejection or assumption and assignment of Executory Contracts or for the rejection or assumption and assignment, as the case

may be, of Unexpired Leases to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

**11.1.4.** To modify the Plan pursuant to section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

**11.1.5.** To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

**11.1.6.** To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the Chapter 11 Case;

**11.1.7.** To adjudicate all controversies concerning the classification of any Claim;

**11.1.8.** To liquidate damages in connection with any disputed, contingent or unliquidated Claim;

**11.1.9.** To adjudicate all Claims to a security or ownership interest in any of the Assets, or in any proceeds thereof;

**11.1.10.** To adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor;

**11.1.11.** To determine all questions and disputes regarding recovery of and entitlement to any property of the Debtor, or in any proceeds thereof;

**11.1.12.** To adjudicate all Litigation Claims with respect to which the Debtor is a party, whether or not such claim or controversy is raised or filed before or after the Effective Date;

**11.1.13.** To determine issues and disputes concerning entitlement to Distributions to be made under and pursuant to the Plan;

**11.1.14.** To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor's limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate;

**11.1.15.** To determine such other matters as may be provided for in the Confirmation Order and the Plan, or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

**11.1.16.** To enter a Final Decree closing the Chapter 11 Case;

**11.1.17.** To enforce the provisions of any Administrative Claim Bar Date;

**11.1.18.** To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof; and

21

**11.1.19.** Without limiting the generality of any of the foregoing, to hear and determine matters concerning state, local, and federal taxes in accordance with sections 345, 505, and 1146 of the Bankruptcy Code.

**11.2. Jurisdiction Unaffected.** The occurrence of the Effective Date and/or the entry of a Final Decree shall not divest the Bankruptcy Court of any jurisdiction otherwise retained under this Article 11 or the Confirmation Order.

**11.3. Failure of Bankruptcy Court to Exercise Jurisdiction.** If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising under, arising in or related to the Bankruptcy Case, including any of the matters set forth in the Plan, the Plan shall not prohibit or limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such matter.

## 12. <u>MISCELLANEOUS PROVISIONS</u>

**12.1. Modification of the Plan.**

**12.1.1** Debtor may alter, amend or modify the Plan at any time before the entry of the Confirmation Order, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor shall have complied with section 1125 of the Bankruptcy Code. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan if the Debtor modifies the Plan before Confirmation.

**12.1.2** Debtor may also seek to alter, amend or modify the Plan at any time after Confirmation so long as (i) the Plan has not been substantially consummated, (ii) as altered, amended or modified the Plan satisfies the conditions of section 1122 and 1123 of the Bankruptcy Code, and (iii) the Bankruptcy Court authorizes the proposed modification after notice and a hearing under section 1129 of the Bankruptcy Code.

**12.1.3** A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not adversely change the treatment of the Claim of such Holder. Prior the Effective Date, the Debtor may make appropriate technical non-material modifications to the Plan or the Disclosure Statement without further order or approval of the Bankruptcy Court, provided that such technical modifications do not adversely affect the treatment of Holders of Claims or Equity Interest.

**12.1.4** Debtor further reserves the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

**12.1.5** Subject to Section 12.1.3, the Debtor reserves the right, in accordance with the Bankruptcy Code, to amend, amend or modify the Plan before or after the Confirmation Date, including making any amendments or modifications to satisfy the requirements of section 1129(b) of the Bankruptcy Code, if necessary.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**12.2.  Notices.**  Except as otherwise set forth below, all notices, requests, elections or demands in connection with the Plan, including any change of address of any Holder of a Claim for the purposes of receiving any Distributions under the Plan, shall be in writing and shall be delivered personally, by facsimile, electronic mail or overnight courier (confirmed by first class mail or express mail) or mailed by first class mail.  Such notice shall be deemed to have been given when received or, if mailed by first class mail, five (5) Business Days after the date of mailing, or if express mailed, the next Business Day following the date of mailing and addressed to the following:

If to Debtor:          NW Valley Holdings, LLC
                       Attn: Charlie C. Reardon
                       Asgaard Capital, LLC
                       1934 Old Gallows Road, Suite 350
                       Tysons Corner, VA 22182
                       E-mail:  creardon@asgaardcapital.com

With a Copies to:      Larson & Zirzow, LLC
                       Attn: Matthew C. Zirzow, Esq.
                       810 S. Casino Center, Suite 101
                       Las Vegas, Nevada 89101
                       Phone: (702) 382-1170
                       Fax: (702) 382-1169
                       E-mail:  mzirzow@lzlawnv.com

**12.2.1.** All notices and requests to Holders of Claims of any Class shall be sent to them at their known address.  Any Holder of a Claim of any Class may designate in writing any other address for purposes of this Section, which designation shall be effective upon receipt.

**12.3.  Headings.**  The headings used in the Plan are inserted for convenience only and do not constitute a portion of the Plan nor in any manner affect the provisions of the Plan.

**12.4.  Nonseverability of Plan Provisions.**  If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power, at the request of Debtor and subject to the consent of any party adversely affected thereby, to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, Impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the consent of Debtor and any other Person affected by such provision; and (c) nonseverable and mutually dependent.

**12.5.  Waiver or Estoppel.**  Each Holder of a Claim or an Equity Interest shall be

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

23

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured or not subordinated by virtue of an agreement made with Debtor or its counsel, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers Filed with the Bankruptcy Court prior to the Confirmation Date.

**12.6.  Governing Law.**  Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release or other agreement entered into in connection with the Plan or in any document which remains unaltered by the Plan, the rights, duties and obligations of Debtor and any other Person arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

**12.7.  Successors and Assigns.**  The rights and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

**12.8. Modification of Payment Terms.**  The Reorganized Debtor reserve the right to modify the treatment of any Allowed Claim or Allowed Equity Interest in any manner adverse only to the Holder of such Allowed Claim or Allowed Equity Interest at any time after the Effective Date upon the prior written consent of the Holder whose Allowed Claim or Allowed Equity Interest treatment is being adversely affected.

**12.9.  Effectuating Documents; Further Transactions; Timing.**  The Debtor and the Reorganized Debtor are each authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and any securities issued, transferred or canceled pursuant to the Plan.  All transactions that are required to occur on the Effective Date under the terms of the Plan shall be deemed to have occurred simultaneously. The Debtor and the Reorganized Debtor are authorized and directed to do such acts and execute such documents as are necessary to implement the Plan.

**12.10.  Cramdown.**  In the event that any Impaired Class is determined to have rejected the Plan in accordance with section 1126 of the Bankruptcy Code, the Debtor may invoke the provisions of section 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of the Plan.  The Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification.

**12.11. Fees and Reporting to the United States Trustee.**  Prior to the Effective Date, the Debtor, and after the Effective Date, the Reorganized Debtor, are obligated to pay the Office of the U.S. Trustee U.S. Trustee Fees.  All U.S. Trustee Fees that accrue prior to Confirmation of the Plan will be paid on or before the Effective Date pursuant to section 1129(a)(12) of the Bankruptcy Code.  All U.S. Trustee Fees accruing post-confirmation are due on a calendar quarter basis and will be reported on post-confirmation operating reports as required by the U.S. Trustee Guidelines.

**12.12. Post Confirmation Reports and Quarterly Fees.**  Until the entry of the final decree, the Debtor shall File, not later than twenty (20) days after the end of the calendar quarter which occurs after the entry of the Confirmation Order, and every three (3) months thereafter, a

report of the action taken by the Reorganized Debtor and the progress made toward consummation of the confirmed Plan.  U.S. Trustee Fees continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to Final Decree.

**12.13. Entire Agreement.**  The Plan sets forth the entire agreement and understanding of the parties hereto relating to the subject matter hereof and supersede all prior discussions and documents.  No party hereto shall be bound by any terms, conditions, definitions, warrants, understandings or representations with respect to the subject matter hereof, other than as in expressly provided for herein or as may hereafter be agreed by the parties in writing.

**[Rest of page intentionally left blank]**

Dated:  April 1, 2015.

NW VALLEY HOLDINGS, LLC,
a Nevada limited liability company:

By:  ASGAARD CAPITAL LLC
a Virginia limited liability company
Its:  Manager

By:      /s/ Charles C. Reardon
Charles C. Reardon
Its:  Senior Managing Director

Prepared and submitted:

LARSON & ZIRZOW, LLC

By:   /s/ Matthew C. Zirzow
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101

Attorneys for Debtor

**SCHEDULE 1.1.45**

**PRESERVED LITIGATION CLAIMS**

All defined terms used herein shall have the meanings set forth in the Plan. The following is a non-exhaustive list of potential parties against whom the Debtor, and/or the Reorganized Debtor may hold Litigation Claims. The Debtor and Reorganized Debtor reserve the right to modify this list to amend or add parties or causes of action, but disclaim any obligation to do so. The Debtor and the Reorganized Debtor reserve the right to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) the Litigation Claims listed below and all other claims and Causes of Action. For the avoidance of doubt, the following Litigation Claims held by the Debtor are expressly reserved and retained:

1. All claims, causes of action, setoffs and offsets that have been raised or that can be raised against Kimball Hill Homes Nevada, Inc., Kimball Hill, Inc., the KHI Post-Consummation Trust, or the KHI Liquidation Trust, or any successors or assignees thereof.

2. All claims and causes of action against any Person arising out of or related to the Loan, the Credit Agreement, the Deed of Trust, the Guaranties, the Cross-Indemnity Agreement, and/or any other documents related to or evidencing the Loan with the Lender.

3. All actions relating to any tax refunds due and owing to the Debtor, or otherwise related thereto.

4. Avoidance Actions and Litigation Claims arising out of or in connection with the Debtor's business, property, or operations.

5. Avoidance Actions and Litigation Claims arising out of transactions involving, concerning, or related to the Debtor.

6. All other rights, privileges, claims, actions, or remedies, whether arising at law or in equity.

7. There may also be other Avoidance Actions and Litigation Claims that currently exist or may subsequently arise that are not set forth herein because the facts underlying such Avoidance Actions or Litigation Claims are not currently known or sufficiently known by the Debtor. The failure to list any such unknown Avoidance Action or Litigation Claim herein is not intended to limit the rights of Reorganized Debtor to pursue any unknown Avoidance Action or Litigation Claim to the extent the facts underlying such unknown Avoidance Action or Litigation Claim become more fully known in the future.

8. Unless Avoidance Actions or Litigation Claims against any Person are expressly waived, relinquished, released, compromised, or settled by the Plan or any Final Order, the Debtor expressly reserves for its benefit, and the benefit of Reorganized Debtor, all Avoidance Actions and Litigation Claims, including, without limitation, all unknown Avoidance Actions and Litigation Claims for later adjudication, and therefore no preclusion doctrine (including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches) shall apply to such Avoidance Actions or Litigation Claims after the Effective Date of the Plan. In addition, the Debtor

expressly reserve for its benefit, and the benefit of Reorganized Debtor, the right to pursue or adopt any claims alleged in any lawsuit in which the Debtor are a defendant or an interested party, against any Person, including plaintiffs and co-defendants in such lawsuits.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169